[No. 12758. Department One. — September 1, 1890.]

# A. M. GILLESPIE, APPELLANT, *v.* J. L. LAKE ET AL., RESPONDENTS.

MAIL CONTRACT — ABSCONDING CONTRACTOR — SUBSTITUTION OF SURETIES — LIABILITY TO SUBCONTRACTOR FOR UNPAID INSTALLMENT. — Where a contractor with the government for carrying the mails employed a subcontractor to carry the mails over a portion of his route at an agreed sum per year, payable in quarterly installments, and after he had paid the subcontractor certain of the installments due him, absconded with the last quarterly dues, which he received and appropriated to his own use, without paying the subcontractor what was due him, the bondsmen of the original contractor, who were authorized by the United States government to fulfill the abandoned contract, and who were to be paid for the same from the time when the last payment was made to the contractor, are not liable to the subcontractor, whom they hired to continue to carry the mails, upon the same terms, for the installment due him from the original contractor, it not appearing that the sureties expressly agreed to pay such installment, either with the subcontractor or with the government.

ID. — CONDITION OF SUBSTITUTION — FINDINGS. — In an action to recover from the sureties the amount claimed to be due the subcontractor in such case, a finding that the contract of the sureties was with the United States alone, and not with the subcontractor; that the sureties had never received any money for the use and benefit of the subcontractor arising out of the cause of action; and that there was no existing obligation, past, present, or future, binding said sureties to pay the amount claimed, which had not been complied with and fully met, — is a sufficient finding upon the issue as to whether the sureties accepted their employment to carry the mails upon the express condition that they would pay the subcontractor whatever was due him from the absconding contractor.

APPEAL — FAILURE TO FIND UPON ISSUE. — The failure to find fully upon a material issue is not a ground for the reversal of the judgment, if a more complete finding upon the issue would necessarily have been adverse to the appellant.

ID. — ERROR IN ADMISSION OF EVIDENCE — FINDING IN FAVOR OF APPELLANT — HARMLESS ERROR. — Where evidence offered was objected to as irrelevant and immaterial, and the objections were overruled and exceptions reserved, and, after hearing all the evidence, the court found upon the issue, to which the evidence erroneously admitted was applicable, in favor of the party objecting, and against the party offering the evidence, the rulings, although erroneous, were rendered harmless and immaterial by the finding, and the judgment will not be reversed for such error.

APPEAL from a judgment of the Superior Court of Del Norte County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*L. F. Cooper*, and *Sawyer & Burnett*, for Appellant.

*Lucas & Miller*, for Respondents.

BELCHER, C. C.—In April, 1882, W. H. Otto entered into a contract with the government to carry the mails twice a week between Crescent City, in California, and Ellensburg, in Oregon, for the term of four years, commencing July 1, 1882, and the defendants became sureties for the faithful performance of his contract. In June, 1882, Otto employed A. K. Russ to convey the mails over a portion of his route during the whole term of four years, and the agreement between them was put in writing, and signed by them. In pursuance of this agreement, Russ carried the mails until April 1, 1884, when he gave up his contract. Otto then employed the plaintiff to take the place of Russ, and carry the mails over the same portion of the route, during the balance of the four years, and agreed to pay him, for so doing, the sum of $1,300 per year, payable in quarterly installments of $325. Under this employment the plaintiff at once commenced to carry the mails, and continued to carry them until January 1, 1886. Otto was paid by the government quarterly, for the service rendered under his contract up to the end of the year 1884, and he paid the plaintiff the first two installments due him, but failed and neglected to pay the third one, due for the quarter ending December 31, 1884. Early in 1885, Otto absconded, and no further payments were made by the government to him. A correspondence was then commenced with the post-office department in reference to Otto's contract and the payment of the carriers, and, among others, the following letters were written:—

"ELLENSBURG, OR., June 22, 1885.
"To the SECOND ASSISTANT POSTMASTER-GENERAL.

"*Dear Sir*,—The postmaster at this place handed me a letter from you to him last night, in which letter you

stated that W. H. Otto, the contractor on route 46141, from Smith River, California, to Ellensburg, Oregon, had notified you that he (Otto) had never employed me to carry the mail on said route, which statement on the part of Otto is false.  It is true that I took the place of Mr. Russ on the route, but with an understanding that I was to receive my pay from Mr. Otto direct, at the rate of $325 per quarter, which was the same as Mr. Russ had been receiving.  This agreement was verbal, but in the presence of witnesses; and, upon this agreement, I received two quarters' pay direct from Mr. Otto, and the third quarter's pay he left with the postmaster at Crescent City about ten days, stating to the postmaster that the money was mine, but finally drew the money, and left the country before I found out that he had received the check. . . . .          Very respectfully,

"A. M. GILLESPIE.

"P. S.  The quarter's pay on route 46141, due April, 1885, is overdue, and we need our pay in order to pay the running expenses of the route.  I cannot get a subcontract from Otto, from the fact that he is not here to sign it.  Now, in case the department cannot issue the checks to us carriers, instead of Otto, cannot the check be issued to the bondsmen of Otto, on said route, and let his bondsmen settle with us carriers for our services?  But from the overplus which Otto was receiving I think I should receive my back pay, which Otto got away with (which was the quarter ending January 1, 1885).  If I did not have faith to believe that your department would stand by us carriers, and see that we got our pay, I should take my stock from the road immediately, and let Otto's bondsmen look out for the route.

"Yours truly,          A. M. GILLESPIE."

"SMITH RIVER, DEL NORTE CO., CAL., July 2, 1885.

"To the SECOND ASSISTANT POSTMASTER-GENERAL, Washington, D. C.

"*Sir*,—W. H. Otto, contracter on route 46141, Smith

River, California, to Ellensburg, Oregon, having left the state, we, J. L. Lake and Daniel Haight, his bondsmen, do hereby ask that all warrants for service rendered on said route shall be made payable to us, as we are at present responsible, and intend to see that said mail is carried according to contract; that is, with full understanding between ourselves and carriers, we pledge ourselves to settle with carriers for the last quarter, which pay was withheld at the request of Mr. Gillespie, and ask that said warrant be issued to us.

"J. L. LAKE,
"DANIEL HAIGHT."
"Bondsmen for W H. Otto."

"OFFICE OF THE SECOND ASSISTANT POSTMASTER-GENERAL.
"WASHINGTON, D. C., August 19, 1885.

"*Gentlemen,*— W. H. Otto having abandoned service on route No. 46141, from Smith River to Ellensburg, and in response to your proposition of July 2, 1885, an order has been issued this date to recognize your service on said route, and pay for the same, from January 1, 1885, to June 30, 1886, at contract rate of pay, viz., $2,114.34 per annum. Very respectfully,

"G. M. SWENEY,
Acting Second Assistant Postmaster-General.
"MESSRS. J. L. LAKE and DANIEL HAIGHT, Smith River, Del Norte Co., Cal."

Under the new arrangement, resulting from the correspondence, the service was continued, and the defendents were paid at the rate named, until January 1, 1886, when the number of trips, and the amount of the quarterly payment to be made therefor, were reduced by the government for the balance of the term. The plaintiff was unwilling to accept a reduced compensation for his service, and thereupon gave it up. The first payment to the defendants was made in September or October, 1885, and they thereafter paid the plaintiff $325 for each quarter, from January 1, 1885, to January 1, 1886. The

plaintiff claimed that the defendants ought also to pay him the $325 due for the quarter ending December 31, 1884, which Otto received from the government and appropriated to his own use; but they refused to make the payment, and in March, 1887, he brought this action to recover from them the amount claimed. The case was tried before the court, sitting without a jury, and the findings and judgment were in favor of the defendants. The plaintiff moved for a new trial, which was denied, and then appealed from the judgment and order. It was alleged in the complaint that the defendants, on their application, were authorized and undertook to fulfill the contract abandoned by Otto, upon the express condition that they would pay the plaintiff whatever was due him from Otto, and that $325 of the money paid them by the government was for the plaintiff's use. The answer denied that defendants accepted any employment for carrying the mails upon an express, or any, condition that they would pay plaintiff any amount whatever due him from Otto prior to January 1, 1885, and further denied that they had received any money from the government for the use of the plaintiff, which had not been paid to him. It is contended for appellant that the issue as to whether defendants accepted their employment to carry the mails, upon the express condition that they would pay the plaintiff whatever was due him from Otto, was a material one, and that the court failed to find upon it, to his prejudice. But the court did find "that the contract of the defendants was with the government of the United States alone, and not with the plaintiff in this action"; "that the defendants herein have never received any moneys for the use and benefit of the plaintiff herein arising out of this cause of action"; and that there is "no existing obligation, past, present, or future, binding said defendants to pay to plaintiff the sum of $325 which has not been complied with, and which has not been fully met."

These findings were not as full as they might and perhaps should have been, but we think they should be treated as sufficient. Besides, whether sufficient or not, we are unable to see that the plaintiff was in way prejudiced by the failure complained of. In the evidence presented in the record, there is nothing tending to show that the defendants ever accepted the employment upon the condition named, or ever agreed to pay plaintiff the money sued for. If, therefore, a more complete finding upon the issue had been made, it must necessarily have been adverse to the plaintiff; and in such case the failure to find is not a ground for the reversal of the judgment. (*People* v. *Center*, 66 Cal. 564; *Murphy* v. *Bennett*, 68 Cal 528.) It is further contended that the court erred in the admission of evidence. The plaintiff alleged and sought to prove that he was employed by Otto to carry the mails after April 1, 1884. The defendants denied this averment, and offered in evidence the written contract between Otto and A. K. Russ, to show that plaintiff was in the employment of Russ, and not Otto. Defendants also called two witnesses to prove certain conversations in support of their position. Plaintiff objected to all of this evidence as irrelevant and immaterial, and the objections were overruled, and exceptions reserved. After hearing all the evidence, the court found upon the issue thus raised in favor of the plaintiff, and against the defendants. If it be conceded, therefore, that the rulings complained of were erroneous, still they were rendered harmless and immaterial by the finding; and for such errors judgments are never reversed. No other points are made, and we therefore advise that the judgment and order be affirmed.

HAYNE, C., and FOOTE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order are affirmed.