[S. F. No. 2437.    Department Two. — October 11, 1901.]

## SUSAN KRASKY, Respondent, v. CHARLES WOLLPERT, Appellant; and H. A. KRASKY, Respondent.

ACTION UPON FIRM NOTE — EVIDENCE OF COPARTNERSHIP — SUPPORT OF FINDING. — In an action upon a firm note, executed in the name of one of the defendants by him, evidence that such name was a firm name, and that the defendants were associated together in such name for the purpose of carrying on business together, and dividing the profits between them, and that the defendant who executed the note in such name was the managing partner, and that the note in suit was made by him as a member of the firm, and that the other defendant recognized the copartnership, is sufficient to support a finding that they were copartners under that firm name when the note was executed.

ID. — INDIRECT FINDING AS TO EXECUTION OF NOTE BY FIRM — ADVERSE COMPLETE FINDING — PREJUDICE NOT PRESUMED. — The finding that, as a member of the firm of copartners, the defendant named executed the promissory note sued upon, is the equivalent of a finding that the copartners made it; and the failure to find directly and positively that the note was executed by the firm cannot be presumed prejudicial to the appellant, where it is evident that a more complete finding would be adverse to the appellant.

ID. — CONSTRUCTION OF FINDINGS — INFERENTIAL FINDINGS. — The findings, in so far as they are not positive and certain, should receive a construction which will uphold rather than defeat the judgment; and where, from the facts found, other facts may be inferred which will support the judgment, the inference will be deemed to have been made by the trial court.

ID. — SETTING ASIDE FINDINGS AND JUDGMENT — NEW FINDINGS AND JUDGMENT — POWER OF COURT — VOID ACTION — APPELLANT NOT PREJUDICED. — Where the court in such action set aside the findings and judgment, and made new findings and a new judgment, conceding, as contended by the appellant, that the court had no power to do so, the appellant could not be prejudiced thereby, where it appears that the conclusion and judgment were the same upon both sets of findings. If the court had no such power, the order setting aside the first findings and judgment must be deemed void, and the first judgment must be deemed the only valid judgment, and it is sufficient, if the first findings support it, and are sustained by the evidence.

ID. — OMISSION IN TRANSCRIPT — DESCRIPTION OF NOTE — OBJECTION UPON APPEAL. — The omission of the printed transcript, by a clerical error, to show that the copy of the note sued upon, appended as an exhibit to the complaint, contained a promise to pay, or the name of the payee, though the certified record must be accepted as cor-

rect, cannot be objected to upon appeal for the first time, where no objection to the sufficiency of the note was interposed in the court below, either by demurrer or by objection to evidence.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Edward A. Belcher, Judge.

The facts are stated in the opinion.

F. J. Castlehun, for Appellant.

Robert Ash, for Susan Krasky, Respondent.

F. H. Gould, for H. G. Krasky, Respondent.

COOPER, C.—This appeal is from the judgment and from certain orders afterwards made in regard thereto.

The action was brought to recover upon a promissory note for seven hundred dollars, dated November 1, 1897, due upon demand, with interest from date at the rate of one per cent per month, made by "H. G. Krasky," to plaintiff. It is alleged in the complaint that the defendants are, and were at the time of the execution of the note, copartners under the firm name of " H. G. Krasky," and that as copartners they made and delivered said note to the plaintiff.

The answer of defendant Wollpert denied that the defendants were ever copartners, and alleged that said Wollpert never at any time executed or delivered said note.

The principal issue made by the pleadings was as to whether or not the defendants were copartners, as alleged in the complaint. The court found: "That on the first day of November, 1897, and prior thereto, the defendants, H. G. Krasky and Charles Wollpert, were, and are, copartners in business at the city and county of San Francisco, state of California, under the firm name of H. G. Krasky; that as a member of the firm of H. G. Krasky and Charles Wollpert, copartners, the said H. G. Krasky made, executed, and delivered the promissory note set out in the complaint to the plaintiff in this action for a good and valuable consideration, and that no part of said note has been paid, except the sum of one hundred dollars on account thereof."

It is practically conceded that the note was made and delivered to plaintiff, and that it has not been paid, but it is earnestly contended that the evidence is insufficient to justify

the finding of the court that the defendants were copartners at the time the note was executed, or that they ever were such copartners. We have carefully examined the evidence and think it justifies the finding. It is only in rare and exceptional cases, where there is an entire absence of evidence, or where it is of such an unsubstantial character that it will not justify the conclusion reached, that we feel authorized to set aside the finding of the court below. In this case there is evidence which, if true, shows the defendants were copartners. Partnership is defined by our code as "the association of two or more persons for the purpose of carrying on business together, and dividing its profits between them." The defendant Krasky testified that on November 1, 1897, he and his co-defendant made an agreement to carry on business together and divide the profits; that the business was to be run by Krasky, under the firm name of "H. G. Krasky," and that he was to run the business and receive from the firm twelve dollars per week as wages; that he did so run the business, consulting, from time to time, with his co-defendant; that he employed men and fixed their compensation; that he borrowed $1,775, and put it into the firm, which amount includes the amount for which the note in this case was given; that he borrowed $900 from Mrs. Schriner, which was part of the $1,775; and that he told his co-defendant that he had borrowed this money and put it into the business. When the note was presented to defendant Wollpert for payment, he told the witness Ash that the note was all right, and he paid one hundred dollars upon it and promised to pay the balance.

Defendant Wollpert, in his examination, admits that Krasky told him that he had borrowed money and put it into the business. He also admits that he paid one hundred dollars upon the note when presented to him by Ash. He also admits paying money to Mr. Bates for an account that Bates claimed "the store owed him for money advanced to Krasky"; that he also paid money to one Trull. The defendant Wollpert was asked, on cross-examination, if he did not pay Bates three hundred dollars by a check on the San Francisco National Bank, and he answered, "Yes, sir; I paid some money to Mr. Bates. Q. That was for the firm of H. G. Krasky, was n't it,—is n't that on the check?—A. I paid it for the firm,—for my store across the way."

The witness Bates testified that he loaned defendant Krasky

$150 on his note, and when he desired it paid, he went to see defendant Wollpert and told him that he looked to him (Wollpert) for payment; that he loaned the money to Krasky as one of the firm, and expected the note to be paid by Wollpert; that Wollpert said "that it was all right,—that it would be paid." That defendant Wollpert allowed the business to be run under the name of his co-defendant; that he paid similar bills; that he paid one hundred dollars on this note; that he paid Bates three hundred dollars "for the firm,"—are all circumstances corroborating the testimony of Krasky that a partnership existed between defendants.

It appears that on February 9, 1900, the court made and filed the findings herein quoted, and upon these findings judgment was entered February 13th. Appellant then gave notice that on February 23d he would make a motion for an order that the conclusions of law be made consistent with the findings of fact. Before this motion came on for hearing, and on February 21st, the court, of its own motion, made an order directing that the former findings be set aside and the judgment vacated, and thereupon filed new and different findings, and ordered judgment upon such new findings. Accordingly, on February 23d, when appellant's motion came on to be heard, the court denied it. It is now argued by appellant that after the court had once filed its findings, and judgment had been entered thereon, it lost jurisdiction as to the findings, and had no power, of its own motion, to set them aside. For the purposes of this case, we may concede such to be the law, and the result is, that the findings first filed, and herein quoted, are the only findings in the case. If the court had no power to set them aside, the order, to the extent that it attempted to set them aside, is void. The conclusion of the court is the same upon each set of findings, and the judgment entered the same. It is therefore apparent that no injury was done appellant by setting aside the judgment and ordering the entry of another judgment. This brings us to a consideration of the question as to whether or not the findings first filed are sufficient to support the judgment, and we think they are.

The finding "that as a member of the firm of H. G. Krasky and Charles Wollpert, copartners, the said H. G. Krasky made the promissory note," is the equivalent of finding that the copartners made it. If Krasky made it as a member of the firm, he did not make it as an individual only. If he, as a member

of the firm, made it, the firm made it. Every general..partner is an agent for the partnership in the transaction of its business. He may bind his copartners by an agreement in writing. The making of a promissory note by one member of the firm is not prohibited by statute. The finding is, that the note was made by one member of the firm, as a member thereof; that it was signed by the partnership name. The findings of the court should receive such construction as will uphold, rather than defeat, the judgment; and when, from the facts found by the court, other facts may be inferred which will support the judgment, such inference will be deemed to have been made by the trial court. (*Breeze* v. *Brooks*, 97 Cal. 77.) Any uncertainty in the findings is to be construed so as to support the judgment, rather than defeat it. (*Warren* v. *Hopkins*, 110 Cal. 506.)

The only criticism that can be made of the finding here is, that it is not a direct and positive finding that the note was executed by the firm of " H. G. Krasky:" If the execution of the note by a member of the firm, as a member of the firm, and in the firm name, is not the equivalent of an execution by the firm, it is certainly very close to it. But whether or not the finding is, in effect, that the note was executed by the firm, we cannot see that appellant was in any way prejudiced by the failure to find the fact more directly. From the evidence in the record, from the judgment ordered, and from the attempted effort of the court to find more fully upon the issue, it is evident that if a more complete finding had been made it would have been adverse to appellant, and in such case the failure to find is not a ground for the reversal of the judgment. (*People* v. *Center*, 66 Cal. 564; *Murphy* v. *Bennett*, 68 Cal. 531; *Gillespie* v. *Lake*, 85 Cal. 407.) In this case, the appellant, by his notice, called the attention of the court to the fact that he did not think the findings of fact sufficient. The court attempted to correct the findings, and appellant now contends that it had no such power. It does not appear to us that a more full and complete finding could have, in any way, benefited the appellant.

It is finally claimed that the complaint fails to state a cause of action, because the copy of the note set forth in the printed transcript does not contain a promise to pay, nor the name of the payee. The omission was evidently a clerical error, but as the record purports to give a correct copy of the complaint, we must regard it as true. No demurrer was filed. The answer de-

nies that defendants, as copartners or otherwise, made, executed, or delivered to the plaintiff the promissory note set out in the complaint, or any other promissory note, and alleges that the said note was executed and delivered to plaintiff without consideration. The issue was thus tendered by appellant. The case was tried upon the theory that such issue was made. No objection was made to the evidence offered. In such case the question cannot be raised here for the first time. ·(*Horton* v. *Dominguez*, 68 Cal. 643; *McDougald* v. *Hulet*, 132 Cal. 154.)

As the judgment entered on the twenty-first day of February, 1900, is herein treated as void, it is not necessary to further discuss it. Neither is it necessary to discuss the order entered March 1, 1900, refusing to set it aside. Both may be treated as void.

The judgment entered on the thirteenth day of February, 1900, being the only valid judgment, and the order of the court denying appellant's motion to make the conclusions of law conform to the facts entered February 23, 1900, should be affirmed.

Haynes, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment entered on the thirteenth day of February, 1900, being the only valid judgment, and the order of the court denying appellant's motion to make the conclusions of law conform to the facts entered February 23, 1900, are affirmed.

Temple, J., McFarland, J., Henshaw, J.