[Civ. No. 302. First Appellate District.—December 28, 1906.]

CHARLES J. LEIST, Trustee of Estate of F. SIEBRECHT, Bankrupt, Respondent, v. JOHN DIERSSEN et al., Appellants.

SALE OF RESTAURANT BUSINESS, GOODWILL AND FURNITURE—LEASE NOT INCLUDED—ACTION FOR VALUE—SUPPORT OF FINDINGS.—In an action to recover the value of a restaurant business, goodwill and furniture, covered by a bill of sale, not including a leasehold interest, *held,* that the evidence sustains the findings as to the value of what was sold, and that the findings were to be construed as excluding the lease from the property sold.

ID.—CONSTRUCTION OF FINDINGS—SUPPORT OF JUDGMENT—AMBIGUITY. The findings are to be construed so as to sustain and not to defeat the judgment, and in support thereof are to be liberally construed, and any ambiguity is to be resolved in favor of the judgment.

ID.—SALE AND DELIVERY—PRICE TO BE ASCERTAINED—OBLIGATION TO PAY VALUE.—By the execution of the bill of sale, and the delivery of the property sold to the defendants, the title thereto vested in them, and they became under an obligation to pay for its

value. Property may be transferred by way of sale and delivery, under an agreement that the value is to be subsequently ascertained, and in the absence of an agreement as to the mode of ascertaining the value, the purchaser retaining the property will be liable to an action for its value.

ID.—BANKRUPTCY OF VENDOR.—Upon the bankruptcy of the vendor, he is incompetent to agree upon the value of the property sold, and his trustee in bankruptcy may enforce the obligation of the defendants for its value.

ID.—TITLE VESTED NOT AFFECTED BY ACTION OF BANKRUPT.—The title vested in the defendants by the bill of sale is not affected by the action of the bankrupt in including the property sold to them in the schedule of his assets, or by his omitting to include their obligation to pay value as part of his assets.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial. M. C. Sloss, Judge.

The facts are stated in the opinion of the court.

Pippy & Bahrs, and F. J. & T. C. Castelhun, for Appellants.

G. H. Perry, for Respondent.

HARRISON, P. J.—Appeal from a judgment against the defendants for the value of certain personal property sold and delivered to them.

March 2, 1902, F. Siebrecht was the proprietor of, and engaged in conducting the business of a restaurant and bakery in San Francisco, and was also the owner of a leasehold interest in the premises upon which the business was being conducted. He was at that time heavily indebted, and a few days before had made an assignment to the plaintiff Leist of the restaurant and the propery connected therewith. and also an assignment to him of the said leasehold interest. These assignments were made merely by way of security for his creditors, and he continued to remain in the possession of the property and to carry on the business thereof. Leist thereafter, acting in behalf of his creditors and with his approval, had certain negotiations with the defendants herein for the sale

to them of the said business, together with its goodwill and the said leasehold interest. While these negotiations were going on all of the parties thereto became anxious lest the creditors of Siebrecht should levy an attachment upon the property and prevent its sale to the defendants, and on March 2d Siebrecht executed and delivered to the defendants a bill of sale of the restaurant and restaurant business, together with the goodwill thereof, and all the personal property contained therein and used in connection therewith, and thereupon gave them the possession of the same, which they still retain. The bill of sale expresses as the consideration therefor the sum of $10, but no valuation of the property or price for the sale was agreed upon between the parties. On the next day, when the defendants went to the place, the men who had been employed by Siebrecht expressed themselves as dissatisfied at not receiving their pay, and the place was closed to the public. March 5th Siebrecht filed his petition in bankruptcy, and on March 21st Leist was appointed by the court trustee of his estate.

At the trial herein the superior court found:

"That on the 2d day of March, 1902, one F. Siebrecht was the owner of, in the possession of and conducting and managing the business commonly known as Engleberg's Bakery and Restaurant, at and in the premises Nos. 416 and 418 Kearny street in the City and County of San Francisco, together with the leasehold interest of the aforesaid premises, and the furniture contained in said premises and the goodwill of said business.

"That on or about said 2d day of March, 1902, said F. Siebrecht sold and delivered the property last herein described to the defendants John Dierssen and William Gropp; that the reasonable value of the property so as aforesaid sold and delivered was and is $3500."

These findings are specified by the defendants as unsustained by the evidence, and in support of their exception they contend that there was no evidence that the leasehold interest was assigned to the defendants, or that the reasonable value of the property sold and delivered was worth $3,500.

This exception by the defendants and their argument thereon as to the sufficiency of the evidence to sustain the

findings rests upon a misconception by them of the language used by the court. In the first of the above findings the court designates the property of which it finds that Siebrecht was the proprietor on March 2d, and in enumerating the property gives the business commonly known as Engleberg's Bakery (with its location on Kearny street) and a leasehold interest in said premises, *"and* the furniture contained in said premises and the goodwill of said business," thus specifying the furniture and the goodwill as distinct species of said property; and in the succeeding finding finds that on that day Siebrecht sold to the defendants the property "last herein described." The use of this phrase clearly indicates that the court did not intend to find that the sale to the defendants included all of the property described in the previous finding, but only such portion as was included in the term "last herein described"; and while the finding is not entirely free from ambiguity, it is not for that reason to be so construed as to defeat the judgment rendered thereon. Findings are always to receive such a construction as will uphold rather than defeat the judgment rendered upon them, and for the purpose of supporting the judgment are to be liberally construed, and any ambiguity therein is to be resolved in favor of sustaining the judgment. (*Breeze* v. *Brooks,* 97 Cal. 72, [31 Pac. 742] ; *Krasky* v. *Wollpert,* 134 Cal. 338, [66 Pac. 309] ; *People's Home Savings Bank* v. *Rickard,* 139 Cal. 285. [73 Pac. 858].) For the purpose of resolving any ambiguity therein, reference may be had to other findings of fact and also to the issues which were before the court, and to the bill of exceptions containing the evidence upon those issues.

In their answer to the complaint the defendants denied that at the date of the bill of sale from Siebrecht to them he was the owner of any of the property named in the complaint—the same as that set forth in the first of the above findings—and alleged that prior thereto he had sold and transferred the said property to Leist, and that Leist was then the owner thereof. They also alleged that on that day Siebrecht executed to them a bill of sale of certain of said property—annexing a copy of this bill of sale to their answer—and that the leasehold interest was not included therein and had never been transferred to them. Siebrecht's owner-

ship of the property described in the finding was, thererore, a distinct issue from that of his ownership of the property which he had conveyed to them, and the different findings of the court are to be construed as referable to these distinct issues.

Upon the issue of Siebrecht's ownership the court found against the contention of the defendants, and upon the issue of their purchase of the property it found in accordance with the terms of the bill of sale annexed to their answer. There was no evidence offered upon this issue other than this bill of sale and the circumstances attending its execution and delivery, and it is therefore evident that in its finding upon the issue of what property was sold by Siebrecht to the defendants the court, by using the phrase "last herein described," did not intend to include the leasehold interest mentioned in the previous finding. This conclusion is corroborated by the finding of the court that the value of the property "so sold and delivered" was $3,500. There was no evidence of the value of the leasehold interest before the court, but Siebrecht testified that the goodwill of the business was worth $3,000, and that the stock and fixtures and other personal property was worth about $500 or $600. The finding of the court that the value of the property "so sold and delivered" was $3,500, relates to the property intended by the phrase "last herein described"; and being based solely upon evidence of the value of other property than the leasehold interest, confirms the conclusion that the court did not intend to include that interest as a portion of the property sold to the defendants.

By the execution of the bill of sale and the delivery of the property to the defendants the title thereto vested in them, and they became under an obligation to Siebrecht for its value. It was not necessary that its value should be ascertained and agreed upon before the sale could take effect. Property may be transferred by way of sale and delivery from its owner to another upon an agreement that the compensation to be paid therefor may be subsequently ascertained; and in the absence of an agreement as to the mode of ascertaining the value the purchaser will be liable to an action for its value. He cannot retain possession of the property and escape liability therefor upon the ground that

its value had not been previously agreed upon. Prior to the commencement of this action Siebrecht became a bankrupt, and was incompetent to agree upon its value, and the plaintiff herein, as his successor, became entitled to enforce against the defendants their obligation for its value.

The transaction between Siebrecht and the defendants, or their title to the property thus vested in them, was not affected by the fact that he subsequently included the property in his schedule in bankruptcy, or by his omitting to name their obligation to him as a part of his assets.

The judgment and order denying a new trial are affirmed.

Cooper, J., and Hall, J., concurred.