[Civ. No. 490.   Third Appellate District.—August 15, 1908.]

WILLIAM AYDELOTTE, Respondent, v. FREDERICK W. BILLING, Appellant.

ACTION FOR LEGAL SERVICES—PLEADING—FINDING—REQUEST NOT ESSENTIAL.—In an action to recover for legal services performed by plaintiff for the defendant, it is not essential that the plaintiff should allege a request for the services, and where such averment is made, the omission to find thereon is not material.  The request is implied or presumed from the averment of the performance of the services for the defendant.

ID.—RULES AS TO OMISSION TO FIND.—Notwithstanding the general rule that a judgment based upon findings which do not determine all the material issues is a decision against law, which can be assailed on motion for a new trial; yet it is sufficient if all the material issues are substantially covered by the findings, and that the appellant is not injured by an omission to find.

ID.—FACTS IMPLIED BY LAW—FINDING NOT REQUIRED.—No finding is required as to any fact implied by law from a cause of action alleged against the defendant; and in an action for personal services performed for the defendant, it is unnecessary to find either upon a request for the services, or upon an agreement to pay the reasonable value thereof, each of which is a fact implied by law.

ID.—FAILURE TO MAKE ADVERSE FINDING—ANSWER AS TO DEFECT OF PARTIES.—Where the court found upon sufficient evidence that the services were performed for defendant by plaintiff individually, the performance thereof by a partnership is excluded; and where there is no evidence that any services were performed by a partnership, a finding upon that issue tendered by the answer as to defect of parties must have been adverse to the defendant appealing, and an omission to find is not ground for reversal.

APPEAL from a judgment of the Superior Court of Santa Clara County, and from an order denying a new trial.   A. L. Rhodes, Judge.

The facts are stated in the opinion of the court.

Carl E. Lindsay, and H. C. Wyckoff, for Appellant.

Wm. M. Aydelotte, Respondent, *in pro. per.*

BURNETT, J.—The action is for the recovery of the value of legal services. The plaintiff had judgment for $955.95, from which and the order denying his motion for a new trial defendant has appealed.

Appellant states in his brief that "there are two principal points made on the appeal—first, that the evidence is insufficient to sustain the finding in favor of plaintiff for the sum of $500 on one item (Statement No. 11) contained in the bill of particulars; and, second, that the decision is against law in that the findings do not determine all the material issues of fact."

As to the first point, we deem it unnecessary to set out the evidence, but consider it sufficient to say that it does not present a question of law, as there is at least some support for the finding of the trial court.

It is claimed, too, that the court below erred in failing to find upon the allegation of the complaint that the services were performed at the instance and request of defendant, and also upon the averment of the answer as to a defect of parties plaintiff, the contention being that the services, if any, were performed by the copartnership of Scrivner & Aydelotte.

The general rule is that a judgment based upon findings which do not determine all the material issues of fact is a decision "against law," and it can be successfully assailed on a motion for a new trial. (*Knight* v. *Roche,* 56 Cal. 15; *Nuttall* v. *Lovejoy,* 90 Cal. 163, [27 Pac. 69]; *Kaiser* v. *Dalto,* 140 Cal. 167, [73 Pac. 828]; *Kusel* v. *Kusel,* 147 Cal. 52, [81 Pac. 297].)

But it is sufficient if all the material issues are substantially covered by the findings. They are not required to be in identically the same language as the pleadings. And it is also true that if the pretermitted finding must necessarily have been adverse to appellant he is not "aggrieved." (*In re Connors,* 110 Cal. 413, [42 Pac. 906].) And no finding is required as to a fact which is implied by law. (*McFarland* v. *Holcomb,* 123 Cal. 84, [55 Pac. 761].) In the latter case it is said: "Under the system of pleading at the common law it was requisite that the declaration in an action of *assumpsit* upon an executed consideration should show that the consideration for the promise by the defendant was sufficient to support his promise, and it was sufficient to aver that the

consideration was executed at his request; but this averment was unnecessary when the consideration as well as the promise were implied from the nature of the transaction set forth in the declaration—as in an action for goods sold and delivered to the defendant, or for money loaned to him by the plaintiff. Under our system of pleading, where only the facts which constitute the cause of action are to be alleged, it is not requisite to aver either the consideration or the promise, when they are implied as a legal conclusion from the facts which are alleged. While counsel and advice are frequently given without any request and may be of no benefit to the party to whom they are given, yet a complaint which shows that the plaintiff rendered services to the defendant which were received by him in person, and were presumptively at his request, and of which he has enjoyed the benefit, states facts from which the liability of the defendant therefor is presumed and is good as against a general demurrer.''

If that decision states the rule correctly, it must be held that it was not necessary for plaintiff to allege that the services were performed at the instance and request of defendant, and hence that no finding thereon is required, as it is presumed from the allegation and corresponding finding that ''plaintiff performed work, labor and services as attorney and counselor at law for said defendant and that the sum of $500 is due and owing from defendant to plaintiff.''

In other words, from the fact of service performed the law implies the request for the service or an agreement to pay the reasonable value of said services and renders unnecessary the allegation of said agreement.

Some of the authorities hold differently, but the McFarland case, *supra,* seems controlling here.

Assuming that the issue is properly presented as to the misjoinder of parties plaintiff, it is sufficiently determined by the finding that the services were rendered by plaintiff. This necessarily excludes any other person.

Again, the evidence shows that no services were performed by the partnership. Hence, if a more complete finding upon the issue had been made, it must necessarily have been adverse to the defendant, and in such case the failure to find is not

ground for the reversal of the judgment.   (*Gillespie* v. *Lake,* 85 Cal. 407, [24 Pac. 891].)

The judgment and order are affirmed.

Chipman, P. J., and Hart, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on September 14, 1908, and the following opinion was then rendered thereon:

BURNETT, J.—In response to appellant's earnest petition for a rehearing, we deem it sufficient to call attention to the following quotation from the case of *McFarland* v. *Holcomb,* 123 Cal. 85, [55 Pac. 761]: ''In her complaint she alleges as the basis of her claim 'that William A. Holcomb was at the time of his death indebted to the plaintiff in the sum of seven thousand five hundred dollars as a balance due plaintiff for nursing, boarding, counseling, advising, and taking care of said William M. Holcomb almost continuously from the twenty-ninth day of November, 1870, down to the fourth day of November, 1895, in the City and County of San Francisco, State of California.' '' It will thus be seen that the action was for services performed, that there was no allegation that they were performed at the instance or request of Holcomb, or that there was any promise to pay. The supreme court, however, held that the complaint stated a cause of action. If that case is not directly in point here, or if it is to be overruled, the decision to that effect must come from the supreme court.

The rehearing is denied.

Hart, J., and Chipman, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on October 12, 1908, Beatty, C. J., dissenting.