[Civ. No. 3999. First Appellate District, Division One.—October 17, 1921.]

## I. D. ROSS, Respondent, v. JOHN W. McCARTHY, Jr., Appellant.

[1] JUDGMENT—FINDINGS—CONSTRUCTION—INFERENCES — PRESUMPTION —APPEAL.—On appeal from a judgment on the judgment-roll alone, every fact essential to support the court's findings and judgment must be presumed to have been proven, and the findings will receive such construction as will uphold, rather than defeat, the judgment; and whenever from the facts found by the court other facts may be inferred which support the judgment, such inferences will be deemed to have been made by the trial court, and will be followed by the appellate tribunal.

[2] ID.—REVERSAL ON FINDINGS.—A judgment will not be reversed on the findings alone unless they show affirmatively that no such judgment could properly have been rendered.

APPEAL from a judgment of the Superior Court of Sonoma County. Thomas C. Denny, Judge. Affirmed.

The facts are stated in the opinion of the court.

Paul A. McCarthy for Appellant.

Geary & Geary and Jos. P. Berry for Respondent.

WASTE, P. J.—The defendant appeals from a judgment against him in an action brought by plaintiff for himself, and as assignee of nine others, to recover from defendant balances alleged to be due on account from defendant to plaintiff, and his assignors, for berries sold. The appeal is on the judgment-roll alone. Each of the ten causes of action set out in the complaint is in the form of a common count for berries sold and delivered to the defendant at the contract price of $125 per ton, with appropriate allegations as to the amounts paid and unpaid, by reason of each particular transaction. The answer traversed the allegations of the complaint, other than admitting that the defendant purchased berries during the year 1918 from plaintiff and his various assignors, for the price of $75 per ton, and alleged that defendant paid that amount for all the berries purchased. Judgment was entered for the plaintiff in accordance with each of the counts in the complaint.

Appellant seeks a reversal on the ground that the findings are too indefinite and uncertain to sustain the conclusions of law or the judgment. His point may be illustrated by referring to the finding as to the first cause of action, which relates to plaintiff's own transaction with the defendant. It is as follows: "That during the year 1918 plaintiff delivered to the defendant at Graton in Sonoma county, California, 16,722 pounds of loganberries and 10,559 pounds of blackberries. That the defendant agreed to pay to the plaintiff therefor $75 per ton, and the berry growers' raise. That for the crop of black berries and logan berries, during the year 1918, the Sebastopol Berry Growers Association paid for similar berries in the same locality as hereinabove referred to for the crop of black berries raised during 1918, the sum of $123 per ton, and for logan berries $125 per ton. That defendant has paid to plaintiff for all of said berries the sum of $75 per ton and no more. That there now remains due and unpaid from the defendant to plaintiff on account of said berries so delivered, the sum of $401.32 for the logan berries delivered as aforesaid, and the sum of $263.97 for the said black berries delivered as aforesaid."

Appellant argues that the finding that defendant agreed to pay plaintiff $75 per ton "and the Berry Growers' raise" is meaningless, and that it is not helped out by

the further finding as to what the Sebastopol Berry Growers' Association paid for berries in the same locality during the season. **[1]** We agree with the appellant that the finding is not as explicit as it should be, but on appeal from a judgment on a judgment-roll alone, every fact essential to support the court's finding and judgment must be presumed to have been proved. The findings will receive such construction as will uphold rather than defeat the judgment, and whenever from the facts found by the court other facts may be inferred which support the judgment, such inference will be deemed to have been made by the trial court, and will be followed by the appellate tribunal. **[2]** Judgment will not be reversed on the findings alone unless they show affirmatively that no such judgment could properly have been rendered. (*Burnham* v. *Abrahamson*, 21 Cal. App. 248 [131 Pac. 338]; *Breeze* v. *Brooks*, 97 Cal. 72 [22 L. R. A. 257, 31 Pac. 742]; *Krasky* v. *Wollpert*, 134 Cal. 338 [66 Pac. 309]; *Semple* v. *Cook*, 50 Cal. 26.)

It is alleged in the various counts that the contract price for the berries was $125 per ton. The court found that the defendant agreed to pay "$75 per ton and the Berry Growers' raise." There appears in the judgment-roll a stipulation to the effect that the Sebastopol Berry Growers paid $125 per ton for berries during the season of 1918. From this stipulation and from the findings it is very apparent that the parties to the action, and the court, considered the amount paid by the Sebastopol Berry Growers' Association during 1918 as a material fact in determining the rights of the parties in the transaction. There is no difficulty in inferring that the defendant agreed to pay $75 per ton plus the difference between that sum and the amount paid by the Sebastopol Berry Growers for the season of 1918 crop. The two amounts added together make the price $125 per ton as alleged.

What we have already said disposes of appellant's contention that there is a fatal variance between the pleading that there was a contract price of $125 per ton and the finding that defendant agreed to pay plaintiff $75 and the Berry Growers' raise. Under the facts found the allegation and the finding amount to one and the same thing.

The judgment is affirmed.

Richards, J., and Kerrigan, J., concurred.