[Civ. No. 8820. First Appellate District, Division Two.—March 6, 1935.]

H. S. HARRIS, Respondent, v. CITY OF PIEDMONT (a Municipal Corporation), Appellant.

LORRAINE LANGSTROTH et al., Appellants, v. CITY OF PIEDMONT (a Municipal Corporation), Respondent.

Breed, Burpee & Robinson for Appellants Langstroth et al.

Girard N. Richardson and Joseph C. Prior for Respondent City of Piedmont.

STURTEVANT, J.—Two different actions were commenced for the purpose of obtaining declaratory relief. By stipulation of the parties the two actions were consolidated for the purposes of trial. *Harris* v. *City of Piedmont* has become a moot case and in what follows we will not address ourselves thereto.

Heretofore the City of Piedmont, in the order stated, adopted zoning ordinances No. 196, No. 268 and No. 315. According to its terms the second repealed the first. In like manner No. 315, the last one, repealed the second. Counsel do not contend to the contrary. The record presents nothing for our consideration except the provisions of ordinance No. 315. The trial court found:

"That at all times herein mentioned, plaintiffs were, ever since have been and now are the owners of that certain parcel of real property situate in the City of Piedmont, County of Alameda, State of California, described as follows, towit: (Here follows description).

"That at all times herein mentioned defendant was, ever since has been and now is a municipal corporation organized and existing under and by virtue of the laws and Constitution of the State of California.

.   .   .   .   .   .   .   .   .   .   .

"That on or about March 21, 1929, the City Council of the City of Piedmont did adopt Ordinance No. 315, entitled:

" 'AN ORDINANCE PROVIDING FOR THE CREATION IN THE CITY OF PIEDMONT OF FOUR ZONES CONSISTING OF VARIOUS DISTRICTS AND PRESCRIBING THE CLASSES OF BUILDINGS, STRUCTURES AND IMPROVEMENTS IN SAID SEVERAL ZONES, AND THE USE THEREOF: DEFINING THE TERMS USED THEREIN, PRESCRIBING THE PENALTY FOR THE VIOLATION OF THE PROVISIONS HEREOF AND REPEALING ORDINANCES NOS. 196 and 268;'

a copy of which ordinance is attached to the complaint on file herein, marked 'Exhibit A', incorporated herein by reference and referred to for further particulars. That said ordinance does not make sufficient provision to satisfy the needs of the people of the City of Piedmont for the various uses and purposes permitted solely in Zones 'C' and 'D' . . . That by the terms of said ordinance two business districts are created, one in Upper Piedmont at and near the intersection of Highland and Vista Avenues (hereinafter referred to as 'Highland Business District'), and the second in Lower Piedmont on Grand Avenue near and adjacent to the boundary line between the City of Piedmont and the City of Oakland (hereinafter referred to as 'Grand Avenue Business District'). That said two business districts are so separated by difference in elevation, by street° alignment and by distance as to be noncompetitive, and serve distinct and separate portions of the City of Piedmont.

"That said Highland Business District, excepting property owned and devoted to public use, is entirely owned by one corporation. That said Highland Business District is

completely occupied by one gasoline service station, one bank, one real estate office, one grocery store, one delicatessen shop, one butcher shop and one candy store, and that there is no room available for expansion of said Highland Business District within the zone or zones in which business is permitted under the terms of said ordinances or any of them.

"That a monopoly of ownership and a monopoly of use exists in said Highland Business District. That the portion of said Grand Avenue Business District not at the present time occupied for business purposes is unsuited for business development.

"That said Ordinance No. 315 creates a large number of small zones constituting Zones 'C' and 'D', indiscriminately scattered over the entire City of Piedmont, frequently consisting of not more than one lot.

"That the Charter of the City of Piedmont, Section 41 thereof, by amendment duly adopted on January 18, 1927, provides, with reference to the zoning system of the City of Piedmont, as follows:

" 'The City of Piedmont is hereby declared to be primarily a residential city and the Council shall have power to establish such zoning system within the City as may in its judgment be most beneficial and in such zoning systems may prohibit the erection or maintenance of any class or classes of buildings within said areas and may classify and reclassify the zones established, but no zones now existing shall be reduced or enlarged with respect to size or area, and no zones shall be reclassified without submitting the question to a vote of the electors held at a general election or a special election to be called for the purpose, and no zone shall be reduced or enlarged and no zones reclassified unless a majority of the voters voting upon the same shall vote in favor thereof.

" 'The Council may also prescribe the character of materials and method of construction of buildings erected within any zone area and may establish such set back lines as it may consider necessary and proper.'

"That at all times herein mentioned, Ralph H. Barrett was, ever since has been and now is the Building Inspector of the City of Piedmont.

"That on or about July 19, 1929, plaintiffs herein did file with the said Ralph H. Barrett, as Building Inspector of the City of Piedmont, their complete and detailed plans and specifications for the erection upon the real property described in finding I hereof of a building designed and intended for the purpose of housing retail stores, and that plaintiffs did tender and duly offer to pay on said day to Ralph H. Barrett, as Building Inspector of the City of Piedmont, the sum of Seventy Dollars ($70.00), which sum was and is the full amount of the permit fee required under the terms of the Building Ordinance of the City of Piedmont for said store building. That said Ralph H. Barrett, as Building Inspector of the City of Piedmont, did refuse to receive said sum of Seventy Dollars ($70.00), and did refuse to issue a permit for the erection of said store building, solely and exclusively upon the ground that the erection of said store building upon plaintiffs' property was not permitted under the terms of said Ordinance No. 315.

"That immediately after said due offer of payment of said sum of Seventy Dollars ($70.00), plaintiffs did deposit said sum in the name of 'Ralph H. Barrett, Building Inspector of the City of Piedmont', with the American Trust Company, Fourteenth and Broadway Branch, Oakland, California, which said bank and branch is a bank of deposit of good repute in the State of California; and that on the 20th day of July, 1929, plaintiffs did give notice of such deposit to Ralph H. Barrett, as Building Inspector of the City of Piedmont.

"That on July 19, 1929, plaintiffs did enter into a building contract to erect upon the real property described in finding I hereof a store building, in accordance with the plans and specifications filed with the Building Inspector of the City of Piedmont, as aforesaid.

"That an actual controversy relating to the legal rights and duties of the respective parties to this action exists.

"That plaintiffs' property is situate on Highland Avenue, in the upper portion of the City of Piedmont, four blocks northwesterly of said Highland Business District. That between said Highland Business District and said property of plaintiffs, both sides of said Highland Avenue are completely occupied by homes used for residential purposes, and that between said Highland Business District and said property

of plaintiffs there is no commercial or store usage whatsoever. That said property of plaintiffs is situate within the upper portion of said City of Piedmont and within the area tributary to said Highland Business District. That said property of plaintiffs is not within any reasonable or logical extension of either said Grand Avenue Business District or said Highland Business District.

## "CONCLUSIONS OF LAW

"Let judgment be entered in accordance with these findings."

The findings were signed on the sixteenth day of January, 1932. On the same day a judgment was signed which is as follows:

"WHEREFORE, by reason of said findings of fact and conclusions of law,

"IT IS ORDERED, ADJUDGED AND DECREED that Ordinance No. 315 of the City of Piedmont is a valid ordinance in so far as the same affects the following described real property situate in the City of Piedmont, County of Alameda, State of California, described as follows, to-wit: (Same description as in Findings.)" The plaintiffs contend: "The court determined that the ordinance was void for three reasons: (a) It failed to make sufficient provision to satisfy the needs of the City of Piedmont for commercial purposes; (b) it created a monopoly of both ownership and use; (c) it created a large number of small zones indiscriminately scattered over the entire City of Piedmont, frequently consisting of not more than one lot." Before taking up the contention of the plaintiffs the contents of their complaint should be considered. They alleged that they were the owners of the property described in the findings; that the defendant is a municipal corporation; and that on March 21, 1929, the city · council adopted ordinance No. 315 which they attach to their complaint. They then alleged: "That said ordinance does not make sufficient provision to satisfy the needs of the people of the City of Piedmont for the various uses and purposes permitted solely in zones 'C' and 'D'. That said ordinance creates a large number of small zones constituting zones 'C' and 'D' indiscriminately scattered over the entire City of Piedmont, frequently consisting of not more than one lot, and without reference to the public health, safety, or gen-

eral welfare of the people of the City of Piedmont.'' Continuing they alleged that Ralph H. Barrett was the building inspector; that on July 19, 1929, plaintiffs applied for a permit to build a store building, tendered the fee required, that the fee was refused for the reason that the erection of the building on their lot would be in violation of the provisions of ordinance No. 315; that on the refusal to accept said tender they deposited the fee for the defendant's account; that on the same day they entered into a binding contract for the erection of their building in accordance with plans and specifications duly filed; that the contractors had commenced the erection of said building; and ''that an actual controversy relating to the legal rights and duties of the respective parties to this action exists. That said Ordinance No. 315 is a written instrument and that plaintiffs are interested under the same and desire a declaration of their rights and duties with respect to the City of Piedmont, and in respect to said real property.'' In their prayer they asked that the court adjudge ordinance No. 315 void. *However, it will be noted that in no place in the complaint was it alleged the plaintiffs contended that ordinance No. 315 was void and that the defendant contended it was valid and that such disagreement constituted an actual controversy relating to the legal rights and duties of the respective parties to said action.*

Taking up the attacks made on the findings it clearly appears they have no merit. ■ The fact that ordinance No. 315 ''created a large number of small zones, indiscriminately scattered over the entire City of Piedmont, frequently consisting of not more than one lot'', did not make it invalid. (*Feraut* v. *City of Sacramento*, 204 Cal. 687 [269 Pac. 537].) ■ The fact that Highland Business District is now built up and no vacant lots are available on which store buildings may be constructed is not determinative when we note that ordinance No. 315 created ''a large number of small zones'' no part or portion of which seem to be occupied and Grand Avenue Business District which is only partly built up. ■ It is asserted the trial court determined that ordinance No. 315 was void. It did not do so. Nor did any issue made by the pleadings call for a finding on that subject. The finding that said ordinance ''does not make sufficient provision to satisfy the

needs of the people of the City of Piedmont for the various uses and purposes permitted solely in Zones 'C' and 'D' " was but a conclusion and on appeal will be disregarded. (*Wayt* v. *Patee,* 205 Cal. 46, 53, 54 [269 Pac. 660].) That the trial court did not intend to make a finding that ordinance No. 315 was void is shown by the recital in the judgment " . . . that Ordinance No. 315 of the City of Piedmont is a valid ordinance. . . . " The two documents were signed on the same day and presumptively at the same time. By an unbroken line of authority this court should so construe the findings as to support the judgment.

To construe the findings we may examine the pleadings and even a bill of exceptions. (*Leist* v. *Dierssen,* 4 Cal. App. 634 [88 Pac. 812].) Turning to the record it is clear no evidence was before the trial court showing that said ordinance did not "make sufficient provision to satisfy the needs," etc. (*In re Application of Ruppe,* 80 Cal. App. 629 [252 Pac. 746].) The presumption is that it did. (*Smith* v. *Mathews,* 155 Cal. 752, 756 [103 Pac. 199].) Therefore we think it may not be said after an examination of the entire cause, including the evidence, that any asserted error has resulted in a miscarriage of justice.

The judgment is affirmed.

Nourse, P. J., concurred.

SPENCE, J., Concurring.—I concur in the judgment. Despite the state of the pleadings and findings, a review of the record shows that the evidence was insufficient to establish the invalidity of ordinance No. 315. Said ordinance was adopted after ordinance No. 268 had been declared invalid in *Wickham* v. *Becker,* 96 Cal. App. 443 [274 Pac. 397], and it materially increased the area zoned for business purposes. The most that may be said concerning the evidence here is that it showed that reasonable minds might differ as to the propriety and necessity of restricting business development to the zones specified for that purpose in said ordinance 315. Under these circumstances the legislative determination of the propriety and necessity of such restriction is conclusive and such legislative determination may not be set aside by the courts. (*Miller* v. *Board of Public Works,* 195 Cal. 477, at page 490 [234 Pac. 381,

38 A. L. R. 1479].) It therefore appears that the judgment declaring said ordinance valid should be affirmed. (Const., art. VI, sec. 4½.)

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 3, 1935.