[Civ. No. 11291. Second Appellate District, Division Two.—April 2, 1937.]

J. B. MOHUN et al., Respondents, v. W. D. TIMM et al., Appellants.

Bertrand Rhine and Glen Behymer for Appellants.

Frank T. O'Neill and J. B. Mohun, *in pro. per.*, for Respondents.

McCOMB, J.—This is an appeal upon the judgment roll alone from a judgment in favor of plaintiffs after a trial before a court without a jury.

The conceded facts are:

### A.
### Pleadings.

The complaint in two separate counts alleged causes of action based upon an express contract, the substance of such contract being that on or about March 25, 1936, plaintiffs, who were lawyers, entered into a contract with defendants, airplane designers and manufacturers, to form a corporation for the purpose of· designing, constructing, and selling airplanes; and agreed to share between themselves in stated proportions any bonus or promotion stock issued by the corporation. It was further alleged that defendants refused to perform the contract as a result of which plaintiffs were damaged in a large sum of money.

### B.
### Findings.

The trial court made the following findings, which are material on this appeal:

### "I

"That it is not true that on or about the 25th day of March, 1936, or at any other time or at all, that plaintiffs and defendants entered into an agreement in writing or otherwise whereby said parties associated themselves together in a joint enterprise for the purpose of organizing a corporation under the laws of the state of California for the purpose of

designing, constructing, or selling airplanes, or aircraft pursuant to the terms of said alleged agreement, or at all; and it is not true that on or about the 1st day of April, 1936, plaintiffs and defendants formed and organized a corporation for such purposes or otherwise or at all, known as 'General Aircraft Corporation', or filed its articles of incorporation with the Secretary of State on said date but that it is true that the plaintiffs caused to be filed on or about said date, certain purported articles of incorporation of a corporation called 'General Aircraft Corporation' purporting to have been executed and acknowledged by the defendants and the plaintiffs, while in truth and in fact said articles of incorporation had not been executed by the defendants or either of them, nor acknowledged before a notary public; that the defendants had signed but not acknowledged, certain proposed articles of incorporation but that the plaintiffs subsequently and without the knowledge or consent of the defendants, or either of them, changed the terms and provisions of said articles as signed by defendants by substituting a page thereof, changing the stock structure of said corporation from stock of no par value to stock having a par value of one dollar per share; that this fact was not discovered by defendants until after suit was filed herein.

" . . . That it is true that while the plaintiffs and defendants were still negotiating for a possible deal or enterprise the plantiffs filed suit herein. and in that manner terminated the negotiations between plaintiffs and defendants."

"II

"That it is true that the defendants received certain benefits from certain things done and performed and certain moneys expended by plaintiffs in the prospective possible enterprise then under discussion and negotiation between plaintiffs and defendants. That the reasonable value of the services performed by plaintiffs plus the amount of such expenditures is the sum of Twenty-five Hundred Dollars ($2500.00). The Court further finds that all of the allegations contained in Paragraphs II and III of the second cause of action are untrue save and except to the extent found to the contrary in this paragraph of these findings."

 (It is to be noted that the foregoing express finding that plaintiffs performed services for defendants gave rise to

an implied finding that the services were performed at defendants' request. *Aydelotte* v. *Billing,* 8 Cal. App. 673, 675, 676 [97 Pac. 698].)

"III

" . . . it is true that at no time was there any agreement or understanding had between the plaintiffs and defendants. . . . "

"IV

" . . . that no contract or agreement of any kind was actually ever entered into or agreed upon by and between the parties to this action."

■ This is the sole question necessary for determination: *Are the foregoing findings irreconcilable on any material issue?*

This question must be answered in the affirmative. The implied finding, which was on a material issue, set forth in paragraph II, *supra,* that the services performed by plaintiffs were performed at defendants' request is irreconcilable with the findings in:

(a) Paragraph III, *supra,* that at no time was there any agreement or understanding had between the plaintiffs and defendants.

(b) Paragraph IV that no contract or agreement of any kind was actually ever entered into or agreed upon by and between the parties to this action.

The rule is settled that, where there are irreconcilable findings upon a material issue an appellate court can do nothing but reverse the case. (*Hollywood Cleaning & P. Co.* v. *Hollywood L. Service,* 217 Cal. 131, 137 [17 Pac. (2d) 712].)

The judgment is reversed and the cause remanded for a retrial.

Crail, P. J., and Wood, J., concurred.