[L. A. No. 5221. Department One.—December 11, 1919.]

## LOS ANGELES INVESTMENT COMPANY (a Corporation), Appellant, v. ALFRED GARY et al., Respondents.

[1] DEED—LIMITATION OF SALE OR RENTAL TO CAUCASIANS—UNDUE RESTRAINT ON ALIENATION.—The provision in a deed that the property shall not be sold, leased, or rented to any persons other than of the Caucasian race is a restraint on alienation and falls within section 711 of the Civil Code.

[2] ID.—PARTIAL RESTRAINT UPON ALIENATION—INVALIDITY OF PROVISION.—Such a provision in a deed limited both to persons of a particular class and to a comparatively brief period of time cannot be upheld on the ground that the restraint is but partial, since there is no distinction in this state between partial and general restraints upon alienation in view of section 711 of the Civil Code.

[3] ID.—LIMITATION OF OCCUPANCY TO CAUCASIANS—RESTRAINT UPON USE OF PROPERTY—VALID PROVISION.—The provision in a deed that no person or persons other than of the Caucasian race shall be permitted to occupy the property, is not a restraint upon alienation, but upon the use of the property, and is valid.

[4] ID.—PROVISION NOT VIOLATIVE OF FEDERAL CONSTITUTION.—The provision in a deed that property shall not be occupied by a person not of Caucasian birth is not an unlawful discrimination against certain classes of citizens, and within the inhibition of the fourteenth amendment of the federal constitution, since such prohibition applies exclusively to actions by the state and has no reference to action by individuals.

APPEAL from a judgment of the Superior Court of Los Angeles County. Frederick W. Houser, Judge. Reversed.

The facts are stated in the opinion of the court.

Flint & Jutten, Flint & Mackay, H. S. Mackay, Jr., E. R. Brainerd, Jr., J. H. Schenck, and Wm. R. Flint for Appellant.

Leroy D. Barnett, Paul M. Nash and Waldo M. York for Respondents.

Arthur Crum, *Amicus Curiae.*

OLNEY, J.—This is an appeal from a judgment entered upon the plaintiff's failure to amend its complaint after the lower court had sustained a general demurrer thereto interposed by the defendants, and the sole question is as to the sufficiency of the complaint. We have not been favored by either brief or argument on behalf of the respondents, but the correct conclusion in the case seems fairly certain nevertheless.

The complaint seeks in effect to declare a forfeiture of the title to a certain lot in the city of Los Angeles because of the breach of conditions subsequent subject to which the defendant Alfred Gary held the title. It appears from the complaint that the lot in question is one of 167 which the plaintiff originally owned in a certain tract and some of which it still retains; that the plaintiff conveyed the lot by way of sale to one Renaker by a deed providing that prior to January 1, 1930, it should not be sold, leased, or rented to or occupied by one not of the Caucasian race; that by mesne conveyances the lot passed to the defendant Alfred Gary and is occupied by him and his wife; and, finally, that both Gary and his wife are colored and of African descent.

The provision in the deed by the plaintiff under which the forfeiture is claimed is as follows:

"It is hereby covenanted and agreed by and between the parties hereto and it is a part of the consideration of this indenture, . . . that the said property shall not be sold, leased or rented to any persons other than of the Caucasian race, nor shall any person or persons other than of Caucasian race be permitted to occupy said lot or lots.

"Provided further, that a breach of any of the foregoing conditions shall cause said premises to revert to the said grantors, their successors, devisees or assigns, each of whom repectively shall have the right of immediate re-entry upon said premises in the event of any such breach;

"Provided further, that all and each of the above restrictions, conditions and covenants herein contained shall terminate and end and be of no further effect, whether legal or equitable, and shall not be enforceable on and after January 1st, A. D. 1930."

There can be no question but that the foregoing provision amounts to a condition, or rather to conditions, subsequent.

The express language of reversion and re-entry in case of a breach leaves no room for argument upon this point. It will be noted also that there are two conditions, one that the property shall not be sold, leased, or rented to one not of Caucasian race, and the other that it shall be not occupied by one not of that race. Inasmuch as a breach of both of these conditions clearly appears from the complaint, the real questions presented by the demurrer and therefore by this appeal are as to the validity of such conditions.

[1] The condition that the property be not sold, leased, or rented to one not of Caucasian birth is clearly a restraint on alienation. The deed likewise purports to convey the fee, and an incident of an estate in fee is the right of free disposal or transfer. The condition is, therefore, repugnant to the interest created by the deed except for the condition, and falls within a literal reading of section 711 of the Civil Code, whose language is:

"Conditions restraining alienation, when repugnant to the interest created, are void."

[2] Appellant's counsel, nevertheless, contend that inasmuch as the restraint is but partial, being limited both to persons of a particular class and to a comparatively brief period, that is, prior to January 1, 1930, the condition is good. Many authorities outside of this state do make a distinction between partial and general restraints upon alienation, holding the former in some instances valid, but the code section would seem to leave no room for such distinction in this state, and since the filing of appellant's brief in this case it was so decided by the district court of appeal in a scholarly opinion by Judge Finlayson. (See *Title Guarantee & Trust Co.* v. *Garrott* (Cal. App. [183 Pac. 470].) The decision in that case was presented to us for consideration by a petition for rehearing, and the petition was denied because of our conclusion that the decision was correct, a conclusion from which we see no reason for departing. The demurrer was, therefore, properly sustained as to the alleged cause of action based on the fact that the lot in question had been sold to the defendant Gary.

[3] The condition, however, that the property should not be occupied by a person not of Caucasian birth is in a different category. It is not a restraint upon the alienation, but upon the use of the property. There is no prohibition by statute of such restraints imposed by way of condition

nor was there any at common law. (18 Corpus Juris, 361; *Cowell* v. *Colorado Springs,* 100 U. S. 55, [25 L. Ed. 547, see, also, Rose's U. S. Notes].) The instances in which conditions restricting the use of property conveyed have been enforced are exceedingly numerous and the conditions enforced of almost every conceivable variety. Conditions so extreme as to restrain the use to a single specified purpose are not uncommon and so far as we are aware have been uniformly enforced, except in certain special cases where for particular reasons not existing here and not affecting the generally enforceable character of such conditions the particular condition was held invalid. As an instance of the enforcement of a condition of this extreme character see *Papst* v. *Hamilton,* 133 Cal. 631, [66 Pac. 10]. In connection with this discussion it may be well to add that what we have said applies only to restraints on use imposed by way of condition and not to those sought to be imposed by covenant merely. The distinction between conditions and covenants is a decided one and the principles applicable quite different.

[4] The particular condition in this case being one against the occupation of the property by persons not of the Caucasian race, the question suggests itself as to whether it is an unlawful discrimination against certain classes of citizens and, therefore, within the prohibition of the federal constitution. This question, however, is settled conclusively against the defendants by repeated decisions of the United States supreme court. The provision of the federal constitution material is the fourteenth amendment. It provides: "No state shall deny to any person within its jurisdiction the equal protection of the laws." Construing this amendment, the supreme court of the United States has held in a number of instances that the inhibition applies exclusively to action by the state and has no reference to action by individuals, such as is involved here. (*United States* v. *Cruikshank,* 92 U. S. 542, [23 L. Ed. 588]; *Virginia* v. *Rives,* 100 U. S. 313, [25 L. Ed 667]; *United States* v. *Harris,* 106 U. S. 629, [27 L. Ed. 290, 1 Sup. Ct. Rep. 601]; *Civil Rights Cases,* 109 U. S. 3, [27 L. Ed. 835, 3 Sup. Ct. Rep. 18, see, also, Rose's U. S. Notes].) See, also, *United States* v. *Washington,* 20 Fed. 630; *Queensborough Land Co.* v. *Cazeaux,* 136 La. 724, [Ann. Cas. 1916D, 1248,

L. R. A. 1916B, 1201, 67 South. 641]; *People* v. *Forrest Home Cemetery*, 258 Ill. 36, [Ann. Cas. 1914B, 277, L. R. A. 1917B, 946, 101 N. E. 219]; *Chilton* v. *St. Louis etc. R. R. Co.*, 114 Mo. 88, [19 L. R. A. 269, 21 S. W. 457]; *West Chester* v. *Miles*, 55 Pa. St. 209, [93 Am. Dec. 744].)

Our conclusion is that the condition against the occupation of the property by any'one not of the Caucasian race is valid, and that since a breach of this condition is alleged, the complaint states a cause of action.

Judgment reversed.

Shaw, J., and Lawlor, J., concurred.

Hearing in Bank denied.

Angellotti, C. J., dissented from the order denying a hearing in Bank, and on January 10, 1920, rendered the following opinion thereon:

ANGELLOTTI, C. J.—I dissent from the order denying a rehearing. To my mind the department opinion violates the well-settled general rule that conditions involving a forfeiture must be strictly construed against the grantor and in favor of the holder of the estate. It seems to me that the portion of the condition which is upheld, viz.: "Nor shall any person or persons other than of the Caucasian race be permitted to occupy said lot or lots," was not intended by the parties as in any way applicable to occupation by the owner himself. It was apparently designed to prevent the occupancy by *others than the owner* under his (the owner's) permission or license. Taken in connection with the preceding part of the sentence, from which it is separated by a comma, my opinion is that it can fairly be given no other construction. The preceding part, viz.: "That the said property shall not be sold, leased or rented to any persons other than of the Caucasian race," was designed by the parties to prevent the property coming into the ownership or control of any person not of the Caucasian race, leaving, in the contemplation of the parties, as the only matter calling for protection in the matter of occupancy, the prohibition of occupancy by third persons not of the Caucasian race under permission or license of the owner. The language used would be apt language to show

this intent as to this part of the provision. Fairly construed it simply said that the owner agreed that he would not *permit* any person other than one of the Caucasian race to become an occupant of the property, and it is an undue strain of the word "permit," in view of the rule of strict construction, to hold that the owner's own personal occupancy is a violation of the provision. The fact that the first portion of the provision is now held void as an undue restraint on alienation in no way affects the construction to be given to the second portion, for obviously the whole must be considered together in order to arrive at a conclusion as to the meaning intended by the parties to be given to the second portion. I think that by the decision we are attributing to the second portion a meaning neither intended nor expressed by the parties when the deed was executed. In any event, the question of proper construction is so doubtful that the matter should be resolved against the grantor and in favor of the holder of the estate.

Lennon, J., concurred.