[L. A. No. 9394. Department One.—August 22, 1928.]

W. B. WAYT et al., Appellants, v. GEORGE PATEE et al., Respondents.

Killian & Bentson and Victor L. Bentson for Appellants.

Willis O. Tyler for Respondents.

CURTIS, J.—The Crestmore tract is a real estate subdivision situated in the city of Los Angeles, containing a large number of lots, the exact number of which is not shown by the record, but it is apparent that they exceed sixty in number. All the lots in said tract had been originally sold subject to restrictions against subsequent sale to or occupancy by persons other than those of the Caucasian race. These restrictions expired on the first day of January, 1925. They are not set forth in the record, and we have no means of knowing their precise import. Their significance, however, is not material to any of the issues in the present proceeding. After the expiration of these restrictions, and some time during the year 1925, certain owners of lots in said tract signed and acknowledged a certain instrument in writing, of which the following is a copy:

"Whereas, all real estate in Crestmore Subdivision, in the city of Los Angeles, California, was originally sold subject to restrictions against sale or occupancy to or by any person other than of the Caucasian race; and

"Whereas, the said restrictions expire on the first day of January, 1925, we, the undersigned owners of real estate in the Crestmore Subdivision, in the city of Los Angeles, California, agree to bind ourselves for a period of 25 years

to the following restriction: That we will not permit occupancy of our land or property by any person other than of the Caucasian race, and that this restriction shall be incorporated in all deeds of transfer of this property.

"These covenants to run with the land until January first, 1950."

This instrument was filed for record in the office of the county recorder of said county of Los Angeles on June 30, 1925. Whether it was signed by all of the then owners of lots in said tract does not appear, but it was signed and acknowledged by the owners of at least sixty of said lots, including all of the plaintiffs and the defendants, Fred R. Stewart and Nellie Stewart. Said defendants were the owners of lot 108 of said tract at the time of the execution by them of said instrument. Thereafter said Fred R. Stewart and Nellie Stewart negotiated for the sale of said lot to said defendants A. D. Kinchlow and Mattie Kinchlow, his wife, who are not of the Caucasian race, but are negroes. By virtue of these negotiations the Stewarts had executed and placed in a certain bank in said city, as the escrow-holder, the necessary instruments of conveyance and had given possession of said lot to the defendants Kinchlow and wife. Thereupon the plaintiffs instituted this action to enjoin the conveyance of said lot by the Stewarts to the Kinchlows and also to enjoin the Kinchlows from occupying said lot. The complaint set forth the foregoing facts, and the answers of the defendants Stewarts and Kinchlows contained no denial of the allegations of the complaint. George Patee and Jane Doe Patee were, by the complaint, made defendants, but it does not appear that they were ever served with process or appeared in said action, and the court found that they had no connection with the negotiations or transactions between the Stewarts and the Kinchlows. Upon the pleadings and certain affidavits, which do not state any facts materially different from the above stated facts, the court rendered judgment in favor of defendants. From this judgment the plaintiffs have appealed.

The sole question presented on this appeal relates to the construction and legal effect of the instrument or agreement of the parties above set forth, whereby they sought to confine the occupancy of lots in said tract to persons of the Caucasian race. Since the decision by this court of the case

of *Los Angeles Investment Co.* v. *Gary,* 181 Cal. 680 [9 A. L. R. 115, 186 Pac. 596], it has been the settled law of this state that there is a material difference between a condition in a deed or other instrument whereby the owner of real property binds himself not to transfer or convey said real property to a certain class of individuals and a condition whereby the owner binds himself not to permit said real property to be occupied by the same class of individuals. The first condition is held to be in restraint of alienation and thereby void under the terms of section 711 of the Civil Code. But a condition in a deed or other instrument against the occupancy of real property by persons of a certain class, as, for instance, those not of the Caucasian race, is valid and binding. (Page 683 of said decision.)

The agreement, therefore, in the present action, whereby the parties thereto bound themselves not to permit their respective lots in said subdivision to be occupied by any persons other than those of the Caucasian race, and to incorporate such a restriction in all deeds of transfer of their respective lots, was a valid covenant and binding upon the parties thereto. (*Los Angeles Investment Co.* v. *Gary, supra.*) This agreement was of record in the office of the county recorder of Los Angeles County at the time the defendants Kinchlows were negotiating for the purchase of said lot 108. They, therefore, had constructive notice of its contents. It is contended, however, by the respondents that the covenant in question is merely a personal covenant; that it does not run with the land, notwithstanding the language thereof indicating a contrary intention, and, therefore, a court of equity will not enjoin the violation thereof. There are authorities to the effect that a court of equity will grant injunctive relief against the violation of covenants restricting the free use of land, not only as against the parties to such covenants but as against an assignee taking with notice of such covenant, even if the covenant is merely personal and does not run with the land. In 7 California Jurisprudence, page 743, the subject is treated as follows: "Although covenants restricting the free use of one lot or parcel of land for the benefit of another may not meet the requirements of covenants running with the land, they may, nevertheless, constitute personal covenants en-

forceable not only against the original covenantor but against subsequent holders with notice. The principle upon which such covenants are enforced in the last-named instance is found in the general rule of equity that a party taking with notice of an equity takes subject to that equity. Liability on the covenants results not from his being the assignee of the party who made the agreement but because he has taken the estate with notice of a valid agreement concerning it, which he cannot equitably refuse to perform.'' In Pomeroy's Equity Jurisprudence, fourth edition, sections 688 and 689, the rule is stated as follows: ''A purchaser with notice of a prior contract to sell or to lease takes subject to such contract, and is bound in the same manner as his vendor to carry it into execution. On the same principle, if the owner of land enters into a covenant concerning the land, concerning its uses, subjecting it to covenants or personal servitudes and the like, and the land is afterwards conveyed or sold to one who has notice of the covenant, the grantee or purchaser will take the premises bound by the covenant, and will be compelled in equity either to specifically execute it or will be restrained from violating it; and it makes no difference whatever, with respect to this liability in equity, whether the covenant is or is not one which 'runs with the land.' '' The same doctrine is announced in the case of *Whitney* v. *Union Railway*, 11 Gray (77 Mass.), 359 [71 Am. Dec. 715], in the following language: ''The precise form of the nature of the covenant or agreement is quite immaterial. It is not essential that it should run with the land. A personal covenant or agreement will be held valid and binding in equity on a purchaser taking the estate with notice. It is not binding on him merely because he stands as an assignee of the party who makes the agreement, but because he has taken the estate with notice of a valid agreement concerning it, which he cannot equitably refuse to perform.'' These authorities were before this court in the case of *Hunt* v. *Jones*, 149 Cal. 297, 301 [86 Pac. 686], and were expressly approved in the opinion in said case. In that case, among other things, the court said (page 300 [86 Pac. 688]) : ''We do not discuss the point as to whether the covenant here in question was one running with the land so as to bind the assignee of the water company as grantee of plaintiff's covenantor, the

Thermalito Colony Company, association, because we think that, treated simply as a personal covenant or agreement under the allegations of the complaint, a court of equity would be warranted in enforcing it against the defendant. There can be no doubt of the proposition that personal covenants or agreements bestowing benefits and imposing restrictions upon the use of land may be enforced in equity where a subsequent purchaser from the covenantor takes with notice of an existing equitable claim or interest in favor of another.'' *Hunt* v. *Jones, supra,* has been expressly approved by this court in the two recent cases of *McBride* v. *Freeman,* 191 Cal. 152, 155 [215 Pac. 678], and *Martin* v. *Holm,* 197 Cal. 733, 747 [242 Pac. 718]. In *McBride* v. *Freeman* the court said: ''In *Hunt* v. *Jones,* 149 Cal. 297 [86 Pac. 686], the court recognized the rule that where a proper case is presented equity will enforce a personal covenant or agreement relative to land as effectually as would a court of law had the covenant been one clearly running with the land, and the covenant in that case, having been made *expressly* for the benefit of plaintiff's land, was held enforceable in equity as against an assignee of the covenantor who took with notice thereof.'' In *Martin* v. *Holm,* written by the present chief justice and concurred in by three of the present associate justices of this court, the rule approved in *McBride* v. *Freeman* was reiterated as follows: ''As was pointed out in *McBride* v. *Freeman, supra,* 191 Cal., at page 155 [215 Pac. 678], there can be no doubt that even personal covenants or agreements bestowing benefits and imposing restrictions upon the use of land may be enforced in equity where a subsequent purchaser from the covenantor takes with notice of an existing equitable claim or interest in favor of another.'' In support of their contention the respondents rely in the main upon *Los Angeles etc. Land Co.* v. *Muir,* 136 Cal. 36 [68 Pac. 308], *Long* v. *Cramer Meat & Packing Co.,* 155 Cal. 402 [101 Pac. 297], *Berryman* v. *Hotel Savoy Co.,* 160 Cal. 559 [37 L. R. A. (N. S.) 5, 117 Pac. 677], and *Bresee* v. *Dunn,* 178 Cal. 96 [172 Pac. 387]. These cases were considered by the court in the opinion in *McBride* v. *Freeman, supra,* 191 Cal., page 155 [215 Pac. 678], and were held not to be in conflict with the rule above announced. Respondents urge that the promise of the parties who signed the agreement in this case

could only be effectually carried out by imposing conditions subsequent in grants to the lots of the defendants, the Stewarts. This same argument was made and ruled upon adversely to respondents' contention in the case of *Werner* v. *Graham,* 181 Cal. 174 [183 Pac. 945], and in *McBride* v. *Freeman, supra.* The court in the latter case, at page 154 [215 Pac. 679], said: ''This precise question was answered adversely to appellants' contention in the case of *Werner* v. *Graham,* 181 Cal. 174 [183 Pac. 945]. Appellants contend that what was there said upon this subject was *dictum,* for the reason that the restrictions there under consideration were cast in the form of a condition, and that what was there decided should be held to be inapplicable to restrictions, as in the instant case, which are cast in the form of covenants. This contention cannot be sustained. . . . The court then proceeded to consider and decide that case upon the assumption that the restrictions therein, though in form of conditions, were, in fact, covenants, and what was there decided, in that view of the case, can in no sense be regarded as *dictum.''*

In the present action the agreement containing the restrictions limiting the occupancy of the lots in said tract to members of the Caucasian race was executed by the defendants Stewarts and was unquestionably binding upon them. It further provided that the parties thereto would incorporate such restrictions in any deed of transfer of said lots that they might thereafter execute, and that the covenants contained therein should run with the land. As already noted, the agreement containing these restrictions was of record in the county recorder's office of the county in which said real property was situated at the time the defendants, the Kinchlows, purchased said lots. They therefore had constructive notice of the contents of said agreement. Neither in their answer nor in any affidavit filed by them do they allege or claim that they purchased said lot in ignorance of the restrictions placed thereon by their grantors. Therefore it can well be assumed that in purchasing said lot they had actual as well as constructive notice that the occupancy thereof was restricted to persons of the Caucasian race. This does not invalidate the conveyances under which they acquired said lot from the Stewarts, nor does it in any manner impair their title thereto.

It does, however, prevent them from occupying or residing upon said property, even though the legal title thereto is in them. (*Los Angeles Investment Co.* v. *Gary, supra.*)

The further point made by respondents is that the respondents, the Kinchlows, did not have either actual or constructive notice of the restrictions contained in said agreement. In support thereof respondents rely upon section 1213 of the Civil Code, which provides that every conveyance of real property properly and legally recorded is constructive notice to subsequent purchasers of its contents. Respondents contend that the agreement signed by the plaintiffs and the defendants, the Stewarts, containing said restrictions, was not a "conveyance of real property." In this we think respondents are in error, as by section 1215 of the Civil Code the term "conveyance" as used in section 1213 of said code embraces every instrument in writing by which an estate in real property is created, aliened, mortgaged, or encumbered, *or by which the title to any real property may be affected*, except wills. This definition of "a conveyance of real property" is sufficiently comprehensive to include the agreement which is the basis of the present controversy.

In this case the court made findings in which it found all the facts hereinbefore set out to be true, and in addition thereto the court found that on September 2, 1925, which was before the commencement of this action, the complaint herein having been filed September 15, 1925, that Fred R. Stewart and Nellie Stewart "sold and transferred their said lot 108 of the Crestmore Tract to the defendants A. D. Kinchlow and Mattie Kinchlow, his wife, and gave the said Kinchlows possession thereof." It further found, in finding 8 of the findings, that the agreement pleaded in the amended complaint, which is the agreement hereinabove referred to as containing said restrictions, is a mere personal covenant and was not binding upon the assigns by the signers thereof nor upon the defendants, the Kinchlows. Upon these findings it dissolved the temporary injunction, which had been theretofore issued in said action restraining and enjoining the defendants, A. D. Kinchlow and Mattie Kinchlow, his wife, from occupying said lot 108 of the Crestmore tract. It is apparent that finding 8 was not a finding of any fact in the case, but was a mere conclusion

of law, and that as such it may be disregarded as a finding. Upon the actual facts found, according to the views expressed herein, judgment should have been rendered in favor of plaintiffs enjoining the defendants, A. D. Kinchlow and Mattie Kinchlow, his wife, from occupying said lot numbered 108 of the said Crestmore tract.

The judgment is reversed, with directions to the trial court to enter its judgment upon the facts as found by said court in favor of plaintiffs, enjoining defendants, A. D. Kinchlow and Mattie Kinchlow, his wife, from occupying said lot 108 of the said Crestmore tract, or any part thereof.

Preston, J., and Seawell, J., concurred.