[Civ. No. 6228. Second Appellate District, Division One.—May 16, 1929.]

S. M. STRATTON et al., Appellants, v. V. CORNELIUS et al., Respondents.

G. C. Watson for Appellants.

Willedd Andrews for Respondents.

HOUSER, J.—This appeal is from a judgment made pursuant to an order of nonsuit in an action in which plaintiffs sought to have it judicially declared that by virtue of a subsisting agreement between the parties certain property owned by defendants was held by them subject to restrictions thereon that it should not be "leased or rented to any person or persons other than of the white or Caucasian race, . . . or be used or occupied, or permitted to be used or occupied, by any person other than of the white or Caucasian race." The only allegation contained in the complaint which in any way dealt with the violation of the agreement between the parties was: "That plaintiffs are informed and believe and therefore allege that the defendants are about to convey said property to Lucy Frost, a single woman, and Hannah F. Mayo, a widow, and that the said Lucy Frost and Hannah F. Mayo have knowledge of the existence of the covenant and know its terms."

By the answer to the complaint it was admitted that the grantees in the deed of conveyance referred to in the complaint were negroes. Without consideration of possible infirmities of the alleged agreement between the parties, it will be noted that by the allegations of the complaint a *sale* of the property was contemplated by defendants, rather than a lease or a rental to, or a use or an occupation of the property by, persons "other than of the white or Caucasian race." It is obvious that a *sale* of the property in question would not constitute a violation of the terms of the alleged agreement. The distinction between the two situations is considered in the case of *Los Angeles Investment Co.* v. *Gary*, 181 Cal. 681 [9 A. L. R. 115, 186 Pac. 596], and authorities there cited.

All intendments favor the judgment by the lower court; and it is apparent that, without taking into consideration objections which might be suggested other than the

defect to which attention has been directed, no error was committed by such court in ordering a nonsuit of plaintiffs' case.

The judgment is affirmed.

Conrey, P. J., and York, J., concurred.