[Civ. No. 4230. Third Appellate District.—January 15, 1931.]

THOMAS S. LITTLEJOHNS et al., Appellants, v. FRANCIS HENDERSON et al., Respondents.

G. C. Watson and H. R. Collins for Appellants.

Willis O. Tyler for Respondents.

MR. JUSTICE Pro Tem. JAMISON Delivered the Opinion of the Court.—In this case a demurrer to the complaint was interposed upon the ground that the facts stated did not constitute a cause of action and was sustained without leave to amend and judgment was rendered in favor of the defendants. From this judgment plaintiffs have appealed.

The complaint sets forth in substance that on the seventh day of June, 1923, some 125 owners of lots in the city of Los Angeles, including plaintiffs, entered into an agreement, by the terms of which they mutually agreed that they and each of them, would not permit the said property to ever be used or occupied by persons of either the negro, African or Asiatic race, whether as owner or tenant and that upon any transfer, sale, assignment or conveyance of said property said transfer, sale, assignment or conveyance of said property should be subject to the covenants and conditions of this contract, and that upon the execution of any deed or conveyance would incorporate in said deed or conveyance an express covenant that the grantee of the said deed or conveyance, his heirs, assigns and successors would not permit said property to be used or occupied by any person other than of the white or Caucasian race; that this covenant was executed in accord with a general plan for the purpose of making and maintaining the said property as desirable residence property and for the mutual benefit of said lots; that the said covenant should be construed to be a covenant running with the land for the benefit of all parties to the agreement and each and all of the several parcels of land; that upon a breach of the agreement or said covenant the continuance of such breach might be enjoined by any of the other owners, their heirs or assigns; that said agreement was duly recorded in the official records of Los Angeles County, California, on September 23, 1923; that thereafter three of the signers of said agreement conveyed the land

owned by them and contained in the agreement to Lydia G. Montgomery and to Albert W. and Pinkie Wilson, the three last named being negroes; that the defendants Lydia G. Montgomery, Albert W. and Pinkie Wilson, Francis Henderson, C. A. Williams and Mrs. C. H. Williams and C. Parker are of the negro race, and are in the use, occupation and possession of parcels of land described in said agreement; that at the time of the purchase of said parcels and occupation of the same defendants had actual knowledge of the existence of said agreement and of the terms thereof; that the parties to said agreement are numerous and it is impracticable to bring them before the court; that their interests are identical with that of the plaintiffs, and this action is brought for and on behalf of all such persons. Then follow allegations of irreparable loss that will result to said owners by the continued occupation of the premises by defendants.

Appellant contends that the agreement is purely personal and that if it could be construed to be a covenant it does not run with the land and would not be binding on the grantee. And it must have been upon this theory that the lower court sustained the demurrer without leave to amend.

We deem it unnecessary to call attention to the numerous authorities which are adverse to respondents' contention in view of a recent decision of the Supreme Court, namely, the decision set forth in the case of *Wayt* v. *Patee*, 205 Cal. 46 [269 Pac. 660, 661]. This decision cites many of the authorities bearing upon the question under consideration and fully sustains plaintiffs' claim that the lower court erred in sustaining the demurrer. That was a case where the some sixty owners entered into a written agreement not to permit occupancy of the land owned by them by any person other than of the Caucasian race and that the restriction should be incorporated in all deeds or transfers of the property. It further provided that the covenant should run with the land until January, 1950. There the court said:

"The sole question presented on this appeal relates to the construction and legal effect of the instrument or agreement of the parties above set forth, whereby they sought to confine the occupancy of lots in said tract to persons of the Caucasian race. Since the decision by this court of

the case of *Los Angeles Investment Co.* v. *Gary,* 181 Cal. 680 [9 A. L. R. 115, 186 Pac. 596], it has been the settled law of this state that there is a material difference between a condition in a deed or other instrument whereby the owner of real property binds himself not to transfer or convey said real property to a certain class of individuals and a condition whereby the owner binds himself not to permit said real property to be occupied by the same class of individuals. The first condition is held to be in restraint of alienation and thereby void under the terms of section 711 of the Civil Code. But a condition in a deed or other instrument against the occupancy of real property by persons of a certain class, as, for instance, those not of the Caucasian race, is valid and binding.

"The agreement, therefore, in the present action, whereby the parties thereto bound themselves not to permit their respective lots in said subdivision to be occupied by any persons other than those of the Caucasian race, and to incorporate such a restriction in all deeds of transfer of their respective lots, was a valid covenant and binding upon the parties thereto." Further along in said opinion at page 51 thereof, the court further said:

"There can be no doubt of the proposition that personal covenants or agreements bestowing benefits and imposing restrictions upon the use of land may be enforced in equity where a subsequent purchaser from a covenantor takes with notice of an existing equitable claim or interest in favor of another," citing *Hunt* v. *Jones,* 149 Cal. 297 [86 Pac. 686]; *McBride* v. *Freeman,* 191 Cal. 152 [215 Pac. 678]; *Martin* v. *Holm,* 197 Cal. 733 [242 Pac. 718].

While the conveyance under which defendants acquired title to the land is not invalidated nor impaired, it does, however, prevent them from occupying or residing upon said property, even though the legal title thereto is in them. (*Los Angeles Investment Co.* v. *Gary, supra; Wayt* v. *Patee, supra.*)

The complaint alleges that when the defendants purchased the property and entered into the possession and occupancy thereof, they did so with actual knowledge of said agreement. This being true, they are bound by the restricting covenant, and being members of the negro race, they cannot occupy or reside upon the premises so restricted.

The judgment of the trial court is reversed with instructions to overrule the demurrer, and giving the defendants a reasonable time to answer the complaint.