## LOS ANGELES & SALT LAKE R. CO. v. UNITED STATES.

### No. 10461.

Circuit Court of Appeals, Ninth Circuit.

Jan. 31, 1944.

O'Melveny & Myers, Louis W. Myers, William W. Clary and Jackson W. Chance, all of Los Angeles (Joseph F. Mann, of New York City, T. W. Bockes, of Omaha, Neb., and Henry M. Isaacs, of Los Angeles, Cal., of counsel), for appellant.

Norman M. Littell, Asst. Atty. Gen., Irl D. Brett, of Los Angeles, Cal., and Vernon L. Wilkinson, Roger P. Marquis, and T. L. McKevitt, Attys., Dept. Justice, all of Washington, D. C., for appellee.

Before WILBUR, DENMAN, and MATHEWS, Circuit Judges.

MATHEWS, Circuit Judge.

Appellant, Los Angeles & Salt Lake Railroad Company,[1] a Utah corporation doing business in California, executed and delivered to appellee, the United States, two deeds—one, hereafter called the 1908 deed, dated July 3, 1908, and one, hereafter called the 1918 deed, dated December 13, 1918. In 1941 a controversy arose between appellant and appellee with respect to appellee's rights under the deeds. To settle the controversy, appellee brought an action against appellant under § 274d of the Judicial Code, 28 U.S.C.A. § 400, and obtained a declaratory judgment therein. This appeal is from that judgment.

The pertinent parts of the 1908 deed are these:

"* * * [Appellant] does hereby grant to [appellee] for the construction, maintenance and use of a free public navigable channel or waterway only, that certain parcel of land situated in [the] * * * County of Los Angeles, State of California, particularly described as follows, to-wit: [Here follows a description of the parcel of land—a strip of land 400 feet wide and about 6,800 feet long].

"To have and to hold to [appellee], as and for the purposes of a free, public, navigable channel, and subject for such purposes to the control, improvement and regulation of [appellee].

"* * * provided further that if the use of the said strip of land for the said granted

---

[1] Formerly called San Pedro, Los Angeles & Salt Lake Railroad Company.

purposes [2] shall at any time be discontinued, or the same be abandoned or be used for any purposes other than specified herein,[3] the estate and title hereby conveyed shall, without the necessity of a reconveyance, revert to and vest in [appellant], its successors and assigns."

The pertinent parts of the 1918 deed are these:

"[Appellant] * * * does hereby grant to [appellee] all that real property situated in the * * * County of Los Angeles, State of California, described as follows:

"Two triangular shaped parcels of land * * * described as follows, to-wit: [Here follows a description of the parcels of land—two strips of land adjoining the strip described in the 1908 deed].

" * * * To have and to hold to [appellee] as and for the purposes of a free, public, navigable channel and subject for such purposes to the control, improvement and regulation of [appellee].

" * * * provided further, that if the use of said strips of land for the said granted purposes [4] shall at any time be discontinued or the same be abandoned or be used for any purposes other than specified herein,[5] the estate and title hereby conveyed shall without the necessity of a reconveyance, revert and revest in [appellant], its successors and assigns."

The three strips of land described in the deeds form, together, one strip of land 600 feet wide. Lands adjoining the 600-foot strip were at all pertinent times, and are now, owned by appellant. Since 1918 the 600-foot strip has been, and is now, used by appellee for the purposes specified in the deeds, namely, the purposes of a free, public, navigable channel.[6] As to appellee's right to use the 600-foot strip for those purposes, there was and is no controversy. The controversy between appellant and appellee arose in the following manner:

Long after the deeds were executed and delivered, it was discovered that valuable deposits of oil and gas underlie the 600-foot strip and the adjoining lands owned by appellant. Thereafter appellee contended that it had the right to use the 600-foot strip for purposes other than those specified in the deeds, namely, for the production of oil, gas, hydrocarbon and other mineral substances. Appellant disputed appellee's contention and contended that if the 600-foot strip were so used by appellee, the estate and title conveyed by the deeds would revert to appellant.

The court below upheld appellee's contention. The judgment declares (1) that appellee "is the owner of the lands conveyed to it by [the 1908 deed] and of the lands conveyed to it by [the 1918 deed] in fee simple absolute, subject only to the reservation that such property be used for a free, public, navigable channel," and (2) that "the production of oil, gas, hydrocarbon or other mineral substances from said lands by [appellee] directly or through authorized lessees or agents without discontinuing or abandoning the use of said lands as a free, public, navigable channel, will not create or invest a right of reversion in [appellant]." Appellant contends that, in so declaring, the judgment misinterprets the deeds.

Since the land they describe is situated in California, interpretation of the deeds is governed by California law.[7] Section 1066 of the California Civil Code provides that, with inapplicable exceptions: "Grants [8] are to be interpreted in like manner with contracts in general." Rules for the interpretation of contracts in general are prescribed in title 3 (§§ 1635–1661) of part 2 of division 3 of the California Civil Code. Applicable sections of title 3 are:

"§ 1636. *Contracts, how to be interpreted.* A contract must be so interpreted as to give effect to the mutual intention of the parties as it existed at the time of contracting, so far as the same is ascertainable and lawful."

"§ 1639. *Interpretation of written contracts.* When a contract is reduced to writing, the intention of the parties is to be as-

---

[2] Meaning, obviously, the purposes of a free, public, navigable channel.

[3] Meaning, obviously, any purposes other than the purposes of a free, public, navigable channel.

[4] See footnote 2.

[5] See footnote 3.

[6] The 400-foot strip described in the 1908 deed has been so used since 1908.

[7] Russell v. Ely, 2 Black 575, 17 L. Ed. 258; McGoon v. Scales, 9 Wall. 23, 19 L.Ed. 545; Brine v. Hartford Fire Ins. Co., 96 U.S. 627, 24 L.Ed. 858; De Vaughn v. Hutchinson, 165 U.S. 566, 17 S.Ct. 461, 41 L.Ed. 827; Platner v. Vincent, 187 Cal. 443, 202 P. 655; Hemry v. Amos, 197 Cal. 139, 239 P. 1059; Losson v. Blodgett, 1 Cal.App.2d 13, 36 P. 2d 147.

[8] Obviously the deeds here involved are grants.

certained from the writing alone, if possible; * * *."

"§ 1641. *Effect to be given to every part of contract.* The whole of a contract is to be taken together, so as to give effect to every part, if reasonably practicable, each clause helping to interpret the other."

■ The intention of the parties to the deeds here involved can, and therefore must, be ascertained from the deeds alone.[9] It is reasonably practicable to give effect to every part of each deed. Therefore, in ascertaining the intention of the parties, the whole of each deed must be taken together, so as to give effect to every part thereof.[10] Thus, in ascertaining the intention of the parties, effect must be given to that part of each deed which specifies the purposes for which appellee shall have and hold the land therein described, namely, the purposes of a free, public, navigable channel, and to that part of each deed which provides that the estate and title thereby conveyed shall revert to appellant if the land "shall at any time * * * be used for any purposes other than specified."[11]

■ When effect is given to every part of each deed, it is clear that the mutual intention of the parties at the time the deeds were executed was that appellee should use the land for the purposes of a free, public, navigable channel and should not use it or have the right to use it for any other pur-

pose. That intention was lawful.[12] Therefore the deeds must be so interpreted as to give it effect.[13] In failing so to interpret the deeds, the trial court erred.

■ It is true that, in interpreting deeds, provisions restricting the use of land must be strictly construed,[14] but this does not mean that such provisions may be disregarded or held ineffective or unenforceable. California courts have many times enforced such provisions.[15] We quote from a few of the California cases: "While restraints of this character are to be construed strictly as against the grantor * * * they must be enforced when a case coming clearly within their terms is shown."[16] "The instances in which conditions restricting the use of property conveyed have been enforced are exceedingly numerous and the conditions enforced of almost every conceivable variety."[17] "It is well settled that the right to annex conditions restricting the use of property conveyed is a necessary incident of the right to own and convey."[18] "Reasonable, lawful restrictions with respect to the use of land may be enforced in accordance with the express provisions of a deed of conveyance therefor."[19]

■ The trial court was not, nor are we, required to decide whether appellee has a fee simple title, as argued by counsel for appellee,[20] or a mere easement, as argued by counsel for appellant.[21] It suffices to hold,

---

[9] Section 1639, supra.

[10] Section 1641, supra.

[11] See footnote 3.

[12] Cf. Quatman v. McCray, 128 Cal. 285, 60 P. 855; Pavkovich v. Southern Pacific R. Co., 150 Cal. 39, 87 P. 1097; Firth v. Marovich, 160 Cal. 257, 116 P. 729, Ann.Cas.1912D, 1190; Weller v. Brown, 160 Cal. 515, 117 P. 517; Los Angeles Investment Co. v. Gary, 181 Cal. 680, 186 P. 596, 9 A.L.R. 115; Parks v. Gates, 186 Cal. 151, 199 P. 40; Wayt v. Patee, 205 Cal. 46, 269 P. 660; Walker v. Haslett, 44 Cal.App. 394, 186 P. 622; Littlejohns v. Henderson, 111 Cal. App. 115, 295 P. 95; Childs v. Newfield, 136 Cal.App. 217, 28 P.2d 924; Marshall v. Standard Oil Co., 17 Cal.App. 2d 19, 61 P.2d 520; Wedum-Aldahl Co. v. Miller, 18 Cal.App.2d 745, 64 P.2d 762; Hamilton v. Ferguson, 26 Cal.App. 2d 390, 79 P.2d 427; Smallpage v. Turlock Irrigation Dist., 26 Cal.App.2d 538, 79 P.2d 752; Aller v. Berkeley Hall School Foundation, 40 Cal.App.2d 31, 103 P.2d 1052.

[13] Section 1636, supra.

[14] Firth v. Marovich, supra; Wedum-Aldahl Co. v. Miller, supra.

[15] See cases cited in footnote 12.

[16] Firth v. Marovich, supra [160 Cal. 257, 116 P. 731, Ann.Cas.1912D, 1190].

[17] Los Angeles Investment Co. v. Gary, supra [181 Cal. 680, 186 P. 597, 9 A.L.R. 115].

[18] Childs v. Newfield, supra [136 Cal. App. 217, 28 P.2d 925].

[19] Wedum-Aldahl Co. v. Miller, supra [18 Cal.App.2d 745, 64 P.2d 765].

[20] Citing Behlow v. Southern Pacific R. Co., 130 Cal. 16, 62 P. 295; Martin v. Stockton, 39 Cal.App. 552, 179 P. 894; Cooper v. Selig, 48 Cal.App. 228, 191 P. 983; Hannah v. Southern Pacific R. Co., 48 Cal.App. 517, 192 P. 304; Las Posas Water Co. v. Ventura County, 97 Cal. App. 296, 275 P. 817.

[21] Citing Pellissier v. Corker, 103 Cal. 516, 37 P. 465; Parks v. Gates, supra; City of Burlingame v. Norberg, 210 Cal. 105, 290 P. 587; Forgeus v. Santa Cruz County, 24 Cal.App. 193, 140 P. 1092; Marlin v. Robinson, 123 Cal.App. 373, 11 P.2d 70; Moakley v. Los Angeles Pacific R. Co., 139 Cal.App. 421, 34 P.2d 218; Hamilton v. Ferguson, supra; Smallpage v. Turlock Irrigation Dist., supra.

as we do now, that whatever its title may be called, appellee has no right to use the 600-foot strip of land above mentioned, or any part of it, for any purpose other than the purposes of a free, public, navigable channel, and hence has no right to use it for the production of oil, gas, hydrocarbon or other mineral substances.

Judgment reversed.