[L. A. No. 19588.   In Bank.   May 18, 1948.]

EARL C. CUMINGS et al., Plaintiffs; PAUL S. TRAUTMAN et al., Respondents, v. FRANK HOKR et al., Defendants; ANNE O'FERRALL et al., Appellants; and six other consolidated cases.   (L. A. Nos. 19589-19594.)

Loren Miller for Appellants.

Robert W. Kenny, Attorney General, Clarence A. Linn, Assistant Attorney General, Morris E. Cohn, Bartley Crum, Hugh E. Macbeth, Jr., Edward Mosk, Isaac Pacht, Clore Warne, Martha Stewart Yerkes, Albrecht Marburg Yerkes, and D. O. McGovney, as Amici Curiae on behalf of Appellants.

Ray C. Eberhard and Elisabeth Eberhard Zeigler for Respondents.

THE COURT.—Defendants in these seven consolidated cases appeal from judgments by which it was "ADJUDGED AND DECREED that defendants [named, respectively] . . . and all persons claiming, or to claim, through or under them, . . . not of the white or Caucasian race, be and they hereby are restrained and enjoined from using or occupying" certain specified parcels of real property owned or occupied by defendants and located in the Charles Victor Hall Tract in the city of Los Angeles, California.

The judgments are based upon findings of fact which, for the purposes of this opinion, may be summarized as follows: On various specified dates commencing in 1924 and running through 1944, the then owners of various lots in the Charles Victor Hall Tract joined in the execution of written agreements which had for their purposes "the restriction of the use or occupancy of property in said Charles Victor Hall Tract to persons of the white or Caucasian race"; among the parcels covered by the agreements were the several lots involved in these cases, which lots, since the execution of the respective agreements, have become occupied by defendants who are "not of the white or Caucasian race"; plaintiffs also own certain lots in the tract which are included in the restrictive agreements; the "use and occupancy of said premises by said negro defendants has [sic] rendered the property of plaintiffs less desirable for residential purposes and has [sic] decreased the market value thereof."

As grounds requiring reversal of the judgments, defendants urge, among other things, that:

1. Enforcement of the restrictive covenants would deny defendants the equal protection of the law and would therefore violate the provisions of the Fourteenth Amendment to the Constitution of the United States.

2. The covenants are void because they are contrary to the public good and to public policy.

Agreements such as these here involved have heretofore been held to constitute a lawful exercise of the freedom to contract and as such to be enforceable by court action. (*Los Angeles Investment Co.* v. *Gary* (1919), 181 Cal. 680, 683-684 [186 P. 596, 9 A.L.R. 115]; *Wayt* v. *Patee* (1928), 205 Cal. 46, 49-50 [269 P. 660]; *Littlejohns* v. *Henderson*

(1931), 111 Cal.App. 115, 118 [295 P. 95]; *Letteau* v. *Ellis* (1932), 122 Cal.App. 584, 587 [10 P.2d 496]; *Stone* v. *Jones* (1944), 66 Cal.App.2d 264, 269 [152 P.2d 19]; *Shideler* v. *Roberts* (1945), 69 Cal.App.2d 549, 557 [160 P.2d 67]; see also *Fairchild* v. *Raines* (1944), 24 Cal.2d 818, 827 [151 P.2d 260].) However, on May 3, 1948, the Supreme Court of the United States in the cases of *Shelley* v. *Kraemer* and *McGhee* v. *Sipes,* 334 U.S. 1 [68 S.Ct. 836, 92 L.Ed. ——]; 16 Law Week 4426 (see also *Hurd* v. *Hodge,* May 3, 1948, 334 U.S. 24 [68 S.Ct. 847, 92 L.Ed. ——]; 16 Law Week 4432), resolved in defendants' favor the first of the above stated contentions. In the Shelley and McGhee cases the plaintiffs sought the enforcement of racial covenants similar in essential aspects to those now before us. The court held: "[p. 4428 of 16 Law Week] We conclude . . . that the restrictive agreements standing alone cannot be regarded as a violation of any rights guaranteed to petitioners [defendants] by the Fourteenth Amendment. So long as the purposes of those agreements are effectuated by voluntary adherence to their terms, it would appear clear that there has been no action by the State and the provisions of the Amendment have not been violated. . . . But here there was more. These are cases in which the purposes of the agreements were secured only by judicial enforcement by state courts of the restrictive terms of the agreements. . . . [p. 4431] Upon full consideration, we have concluded that in these cases the States have acted to deny petitioners the equal protection of the laws guaranteed by the Fourteenth Amendment." It follows that the judgments here appealed from must be reversed.

The judgment in each case is reversed.