[Crim. No. 4698. In Bank. May 18, 1948.]

In re HENRY LAWS et al., on Habeas Corpus.

Katz, Gallagher, Margolis, John T. McTernan and Charles J. Katz for Petitioners.

Daniel G. Marshall and Morris E. Cohn, as Amici Curiae on behalf of Petitioners.

Fred N. Howser, District Attorney (Los Angeles), Jere J. Sullivan and Robert Wheeler, Deputy District Attorneys, for Respondent.

THE COURT.— ■ This case differs from the other racial restriction cases this day decided (*Cumings* v. *Hokr, ante,* p. 844 [193 P.2d 742]; *Cassell* v. *Hickerson, post,* p. 869 [193 P.2d 743]; *Davis* v. *Carter, post,* p. 870 [193 P.2d 744]) in that here petitioners by final judgment were enjoined from using or occupying their covenant restricted land, they refused to obey the order of the court, they were adjudged in contempt and committed for such disobedience and now seek release on habeas corpus.

Since it is unquestionable that commitment for contempt for refusing to obey the order of the court to vacate the restricted property amounts to "state action" to enforce the restrictions, within the purview of the decisions in *Shelley* v. *Kraemer* and *McGhee* v. *Sipes* (May 3, 1948, 334 U.S. 1 [68 S.Ct. 836, 92 L.Ed. ——, 16 Law Week 4426]) the petitioners are entitled to their release.

Petitioners are discharged.