197 P.2d 162]

[L. A. No. 20376.   In Bank.   Sept. 15, 1948.]

CORINNE MORIN et al., Appellants, v. CHARLES CRANE et al., Respondents.

Kilpatrick & Robbins for Appellants.

Loren Miller and Harold J. Sinclair for Respondents.

THE COURT.—This case, like *Cumings* v. *Hokr* (1948), 31 Cal.2d 844 [193 P.2d 742]; *Cassell* v. *Hickerson* (1948), 31 Cal.2d 869 [193 P.2d 743]; *Davis* v. *Carter* (1948), 31 Cal.2d 870 [193 P.2d 744]; *In re Laws* (1948), 31 Cal.2d 846 [193 P.2d 744]; *Lippold* v. *Johnson, ante,* p. 892 [197 P.2d 161]; and *Clayton* v. *Wilkins, ante,* p. 895 [197 P.2d 162], involves the legality and enforceability of privately imposed restrictions against occupation of certain lots of land by persons other than those of the Caucasian race.   A demurrer to the complaint was sustained without leave to amend and judgment of dismissal was entered.   Plaintiffs appealed.

Counsel for the respective parties have agreed that the decision of the United States Supreme Court in *Shelley* v. *Kraemer* (1948), 334 U.S. 1 [68 S.Ct. 836, 92 L.Ed. ——] (see also *Hurd* v. *Hodge* (1948), 334 U.S. 24 [68 S.Ct. 847, 92 L.Ed. ——]), holding that such restrictions cannot be enforced through court action, is controlling here.   Accordingly, we do not reach the question as to whether any tenable cause of action for relief or recovery other than specific enforcement of the racial restrictions is, or could be, stated.

It follows that the judgment of the trial court refusing to enforce restrictions should be, and it is hereby, affirmed.