[L. A. No. 20255.   In Bank.   Sept. 15, 1948.]

WM. R. CAVETT et al., Respondents, v. RILEY BUTLER et al., Appellants.

Cummins, Goodstein & Paltun for Appellants.

Charles E. McGinnis for Respondents.

THE COURT.—The above-entitled cases, like *Cumings* v. *Hokr* (1948), 31 Cal.2d 844 [193 P.2d 742]; *Cassell* v. *Hickerson* (1948), 31 Cal.2d 869 [193 P.2d 743]; *Davis* v. *Carter* (1948), 31 Cal.2d 870 [193 P.2d 744]; *In re Laws* (1948), 31 Cal.2d 846 [193 P.2d 744]; *Clayton* v. *Wilkins, post,* p. 895 [197 P.2d 162]; and *Morin* v. *Crane, post,* p. 896 [197 P.2d 162], involve the legality and enforceability of privately imposed restrictions against occupation of certain lots of land by persons other than those of the Caucasian race. In each of the instant cases the trial court enjoined occupancy of the respectively concerned lots by non-Caucasians.

Upon the authority of *Shelley* v. *Kraemer* (1948), 334 U.S. 1 [68 S.Ct. 836, 92 L.Ed. ——] (see also *Hurd* v. *Hodge* (1948), 334 U.S. 24 [68 S.Ct. 847, 92 L.Ed. ——]), holding that such restrictions cannot be enforced through court action, the judgment of the trial court enforcing the restrictions is in each case reversed.