[Civ. No. 13802.  First Dist., Div. Two.  Dec. 6, 1948.]

CLAREMONT IMPROVEMENT CLUB, INCORPORATED (a Corporation) et al., Respondents, v. DEWITT A. BUCKINGHAM et al., Appellants.

Edises, Treuhaft & Condon, Bertram Edises and Geo. R. Vaughans for Appellants.

Hager, Crosby & Crosby and Pedder, Ferguson & Pedder for Respondents.

NOURSE, P. J.—Plaintiffs sued to enforce a restrictive residential covenant to forfeit the sale of the lot occupied by defendants, and to restrain their continued residence on the premises contrary to the terms of the covenant. Defendants put in issue the terms of the covenant asserting that the expression excluding those of "pure Caucasian blood" was

incapable of certain definition or determination. Judgment went for plaintiffs as prayed.

Pending the appeal the Supreme Court ruled in *Cumings* v. *Hokr*, 31 Cal.2d 844 [193 P.2d 742], on authority of decisions of the United States Supreme Court that such covenants were unenforcible in the courts of this state. Appellants thereupon filed a brief attacking the constitutionality of the covenant on the authority of the Cumings case. Respondents now contend that it is too late to raise the issue on this appeal. It is true that appellants mentioned the matter of constitutionality casually at the trial, but it is also true that they did not raise the issue properly and did not ask for a ruling on it.

▌ Ordinarily when a question is raised for the first time on appeal it will not be accepted as proper grounds for a reversal of the trial court's judgment since that court was not given an opportunity to rule on it. But an adherence to that practice would not be justified in this case. The question of the constitutionality of such restrictive covenants has been a matter of judicial controversy for more than 50 years. If the Supreme Court had determined it prior to the trial of this case judgment for the defendants would have followed necessarily. Under the rule of the Hōkr case the process of the state courts cannot be used to enforce such covenants and, similarly, could not be used to enforce this judgment if it were affirmed.

▌ Like the appellants the respondents raise a point which was not at issue in the trial court. This is that, notwithstanding the question of constitutionality, respondents should have a judgment for declaratory relief determining the validity of the covenants. The argument rests on the holding in *Shelley* v. *Kraemer*, 334 U.S. 1 [68 S.Ct. 836, 92 L.Ed. 1161, 1181, 3 A.L.R.2d 441], that such covenants are not violations of the Constitution insofar as voluntary adherence to their terms is concerned, but that they are unenforcible by judicial process. Any ruling here under the process of declaratory relief would be no less confusing. Thus it would serve no useful purpose to discuss the trial court's findings interpreting the terms of the covenant. If it is unenforcible the whole purpose of the litigation fails.

Judgment reversed.

Goodell, J., and Dooling, J., concurred.