[S. F. No. 17319. In Bank. Mar. 31, 1949.]

E. D. COLEMAN et al., Respondents, v. THOMAS STEWART et al., Appellants.

Gladstein, Andersen, Resner, Sawyer & Edises, Bertram Edises and George R. Vaughns for Appellants.

George F. Sharp for Respondents.

THE COURT.—This case involves the legality and enforceability of privately imposed restrictions against occupation of a lot of land by non-Caucasians. The trial court enjoined occupance of the lot by defendants, non-Caucasians. Defendants appealed.

Upon the authority of *Shelley* v. *Kraemer* (1948), 334 U.S. 1 [68 S.Ct. 836, 92 L.Ed. 1161, 3 A.L.R.2d 441] (see, also, *Hurd* v. *Hodge* (1948), 334 U.S. 24 [68 S.Ct. 847, 92 L.Ed. 1187]), holding that such restrictions cannot be enforced through court action, the judgment of the trial court must be reversed. (See *Cumings* v. *Hokr* (1948), 31 Cal.2d 844 [193 P.2d 742]; *Cassell* v. *Hickerson* (1948), 31 Cal.2d 869 [193 P.2d 743]; *Davis* v. *Carter* (1948), 31 Cal.2d 870 [193 P.2d 744]; *In re Laws* (1948), 31 Cal.2d 846 [193 P.2d 744]; *Lippold* v. *Johnson* (1948), 32 Cal.2d 892 [197 P.2d 161]; *Clayton* v. *Wilkins* (1948), 32 Cal.2d 895 [197 P.2d 162]; *Morin* v. *Crane* (1948), 32 Cal.2d 896 [197 P.2d 162].)

For the reason above stated the order appealed from is reversed.